## DANIEL T. CORRIE v. SARAH B. CORRIE.

*Habeas corpus as between parents for possession of child.*

In *habeas corpus* proceedings between parents for the custody of a child, there should be full inquiry and examination on oath to enable the court to decide as the welfare of the child may require.

Neither parent has any right to the custody of a child if it is against the child's own welfare.

The Supreme Court does not examine on *certiorari* the evidence taken on the hearing of *habeas corpus* proceedings in a lower tribunal, but is confined to questions of law.

*It seems* that a writ of *habeas corpus* should be taken out from the Supreme Court, if they are to pass upon the evidence in the proceedings.

CERTIORARI to Wayne Circuit Court. Submitted January 13. Decided January 20.

*James W. Romeyn* for plaintiff in certiorari. Custody of a child belongs *prima facie* to the father at common law, Hunt on Habeas Corpus, 462-7; *People v. Mercein*, 3 Hill, 400; *People v. Humphreys*, 24 Barb., 522; *People v. Olmstead*, 27 Barb., 13.

*John W. McGrath* for defendant in certiorari. Courts will not disturb a mother's possession of her child unless to promote its welfare, Schouler's Dom. Rel., 339; *Gishwiler v. Dodoz*, 4 Ohio St., 621; in New Jersey the custody of children under seven is given to the mother, *Bennet v. Bennet*, 2 Beas., 114.

GRAVES, J. This is a certiorari to review certain proceedings had in the circuit court on *habeas corpus* between parents relative to the custody of their child. The parents are in fact living apart, and the child, Fannie C. Corrie, who is a little over seven years old, is with her mother in Detroit. The proceedings were instituted by the father, and the mother, at the hearing, exhibited her

answer on oath, and the court declined to transfer the custody.

On the presentation of the answer the petitioner filed a general traverse, but without oath. He offered no sworn contradiction or explanation of the matters in the answer, and no evidence was adduced on either side. He contends that such matters in his petition as were not particularly met by the answer were admitted, and that sufficient was then made out to entitle him to an order for the custody of the child. On the other hand the respondent claims that the facts set forth in the answer, to which no sworn denial has been attempted, and which, as is said, must therefore be taken as true for the purpose of this proceeding, are full to show the unfitness of the petitioner for the trust he seeks, and constitute a complete reply to the application.

In contests of this kind the opinion is now nearly universal that neither of the parties has any rights that can be allowed to seriously militate against the welfare of the child. The paramount consideration is what is really demanded by its best interests. It is doing no violence to what is taught by judicial experience to assume that the disputing parties will be more alive to the satisfaction of their own feelings and interests than to the true end of the inquisition; while the innocent subject of the contention is utterly unable to speak or act for itself, and is in danger of being lost sight of in the strife for its possession. No other occasion can call more loudly for judicial vigilance in reaching for the exact truth, and in putting aside with an unsparing hand the mere technicalities of procedure. The fate or interest of the child is not to depend on what the parties may see proper to state or to evade in their formal altercations, nor on any artificial rule of pleading. There should be full inquiry and an exhaustive examination on oath in order that the tribunal may have all the light practicable.

As already stated, the hearing below proceeded on the

petition and answer, and the petitioner did not assume to controvert any of the facts alleged on oath by the respondent. As these facts, if true, were sufficient to show that the petitioner was not a suitable person to take charge of the child, we fail to see that any case was made out to require a shift of the custody. We deem it proper to add that we do not re-examine on certiorari the evidence upon the hearing in *habeas corpus.* We are confined to questions of law. If a consideration of evidence is required we suppose the proper way to be to take a *habeas corpus* from this court.

The order is affirmed with costs.

The other Justices concurred.