## In the Matter of PRAY.

### *Habeas corpus — custody of children.*

In a contest between husband and wife for the custody of their two children, aged five and six years, where there is no objection to the mother personally, it is for the welfare of the children, considering their tender years, that they be left with her. An inquiry as to the father's illtreatment of his wife is pertinent as bearing upon the father's right to take the children from their mother.

*New York Chambers, January,* 1881.

THIS is a proceeding by *habeas corpus.* Upon the return to the writ the matter was referred for the taking of evidence. The referee was directed to report thereon with his opinion. The object of the proceeding was to determine the father's right to the control of his two children, who were with the mother. The motion was to confirm the report of the referee, who had decided in favor of the father. The parents were living separate and apart.

*S. V. R. Cooper,* for motion.

*Roger A. Prior,* opposed.

VAN VORST, *J.* — I cannot accept the conclusion, under the facts and circumstances of this case, as they appear by the papers, in so far as they are conceded, that the father is absolutely entitled to take to himself the control of the persons of these two children — the one a daughter, aged six years, and the other a son, aged five years.

It is obvious that these children are of an age to require a mother's care and training, and, if there is no objection to her personally, I am of opinion that it would be for the true inter-

Matter of Pray.

est of the children that they should secure such care and training at her hands.

The referee is of opinion that under the facts both parents are irreproachable. If that be so, it might well be urged that as far as the welfare of the children is concerned, and which is the matter, considering their tender years, which is to be now chiefly considered, it would be best to leave them with their mother. But a question arose before the referee which I apprehend bears upon the father's right to take from their mother the personal control of the children.

The return of the respondent to the writ of *habeas corpus* charges the relator with repeated acts of brutality towards her without any justifying cause, if a cause for such conduct could in any case be supposed to exist. The relator was asked the question, "Did you ever strike your wife?" This question was objected to as "irrelevant and as not bearing on the question as to his fitness for the custody of the children." The objection was sustained and the testimony was excluded.

This ruling, I think was erroneous. The question was, without doubt, asked to sustain the charges in that regard contained in the return to the writ of *habeas corpus*. The inquiry was proper, and bears upon the question of the fitness and propriety of taking these children from a mother pronounced by the referee to be irreproachable. I am not prepared to hold that inquiry as to the conduct of a husband toward his wife, does not bear upon the question as to whether, when they are living in a state of separation, he should take from her the children of the marriage so young as these are found to be. For I must conclude that as a man is to his wife in this regard, so he would be towards his children.

As an inquiry into the husband's acts and conduct in this regard will bear in the end upon the question in issue, the referee's report cannot be confirmed, but the report should be sent back for further testimony.