IN THE MATTER OF MARY B. SNEDEN ON HABEAS CORPUS.

| 105 | 61 |
| 127 | 286 |
| 105 | 61 |
| 149 | ¹141 |

*Habeas corpus—Custody of children—Res judicata.*

1. The general rule is that, as to the custody of children, the determination of a court on *habeas corpus* is conclusive in a subsequent application for the writ, unless some new fact has occurred which has altered the *status* of the case; but it does not necessarily follow that such determination is not reviewable on error or *certiorari*.

2. In *habeas corpus* proceedings to obtain the custody of an infant daughter of the petitioner, it appeared that on a prior application to the circuit court, after the taking of testimony and a full hearing, the circuit judge filed a full and exhaustive finding, and remanded the child to the custody of the respondent. On the hearing of the second application, the respondent, in his answer, alleged that the facts and circumstances surrounding the parties were the same as when the judgment of the circuit court was rendered, and contended that the petitioner was concluded by that determination. The petitioner contended that the testimony taken on the hearing in the circuit court was not reported, so that it might be made use of on review, but did not aver such fact in his petition, nor allege that the determination of the circuit court was contrary to law, or that the evidence did not support the facts found by the circuit judge. And it is held that the proceedings must therefore be dismissed.

*Habeas corpus.* Argued February 26, 1895. Writ dismissed April 16, 1895. The facts are stated in the opinion.

*William W. Irwin,* for petitioner.

*McBride & Danhof,* for respondent.

McGRATH, C. J. This is *habeas corpus* in behalf of the father against the grandfather to obtain the custody of a daughter of petitioner. The child was born November

29, 1888. The mother died in January, 1889, since which time the child has been with the grandparents. In September, 1893, the father married again, and now seeks to obtain possession of the child. In August, 1894, a like application was made to the circuit court for the county of Ottawa, where, after the taking of testimony and a full hearing, the court filed a very full and exhaustive finding, remanding the child to the custody of the grandparents. Respondent answers that the facts and circumstances surrounding the parties are the same as when the judgment of the circuit court was rendered, and contends that petitioner is concluded by the determination of that court.

Whatever may be the rule respecting a person imprisoned, the general rule is that, as to the custody of children, the determination of a court on *habeas corpus* is conclusive in a subsequent application for the writ, unless some new fact has occurred which has altered the *status* of the case. 9 Amer. & Eng. Enc. Law, 238; Church, Hab. Corp. (2d ed.) p. 575, § 387; Freem. Judgm. (4th ed.) § 324; *Mercein v. People*, 25 Wend. 64; *McConologue's Case*, 107 Mass. 170; *State v. Malone*, 3 Sneed, 413; *State v. Bechdel*, 37 Minn. 360; *Bonnett v. Bonnett*, 61 Iowa, 199.

In *Re Snell*, 31 Minn. 110, it was held that the refusal to discharge a prisoner was not a bar to another writ based upon the same state of facts, nor to a hearing and discharge thereon; but in *State v. Bechdel*, *supra*, the Snell case is distinguished from those in which the writ is sued out merely for the purpose of determining which of two parties is entitled to the custody of an infant. In the latter case the court held that the question was not whether the infant was restrained of her liberty, but who was entitled to her custody; that the gist of the charge was not that the child was restrained or deprived of her liberty, but that such restraint was in prejudice of the right of the petitioner to her custody; that the case was really one of private parties contesting private

rights under the form of proceedings in *habeas corpus;* and that a former adjudication in such case might be pleaded as *res judicata*, and was conclusive upon the parties upon the same state of facts.

It does not necessarily follow that such determination is not reviewable on error or *certiorari*.

The case of *Corrie v. Corrie*, 42 Mich. 509, was brought to this Court upon *certiorari*. It is true that the Court there say that,—

"If a consideration of evidence is required, we suppose the proper way to be to take a *habeas corpus* from this Court."

The question actually determined there, however, was whether the Court would re-examine the evidence on *certiorari*.

In *Re Stockman*, 71 Mich. 180, the court before whom the original application was made, instead of exercising its own duty in determining the question, submitted it to a jury, and this Court seems to have disregarded that determination for that reason.

It is urged in the present case, however, that the testimony taken on the hearing in the circuit court was not reported, so that it might be made use of on review; but the fact is not averred in the petition, nor is it alleged that the determination was contrary to law, or that the evidence did not support the facts found by the court.

The proceeding must therefore be dismissed, and the child remanded to the custody of the respondent.

The other Justices concurred.