· CARPENTER v. CARPENTER.

1. PARENT AND CHILD—CUSTODY OF CHILD— AGREEMENT OF PAR-
ENTS—EFFECT.

> Though a husband and wife on separating may make a con-
> tract for the care of their minor children which will be rec-
> ognized as valid between themselves, such contract will not
> be sustained to the detriment of the child, whose interests
> are of the first consideration.[1]

2. HABEAS CORPUS — REVIEW — CERTIORARI — QUESTIONS CONSID-
ERED.

> On certiorari to review habeas corpus proceedings, brought to
> obtain the custody of a minor child, the finding of the court
> below that the welfare of the child will be best subserved by
> placing it in the care of the mother is a determination of fact
> conclusive on this court.

Certiorari to Grand Traverse; Mayne, J. Submitted
June 14, 1907. (Docket No. 100.) Decided July 1, 1907.

Habeas corpus proceedings by Perlie P. Carpenter
against Ora A. Carpenter to obtain the custody of an in-
fant. There was judgment for petitioner, and respond-
ent brings certiorari. Affirmed.

Petitioner and respondent are husband and wife. Dis-
agreements arising between them, they separated and
executed articles of separation. They had two children.
The older one the wife took, and the younger, by agree-
ment, the father took. They executed an agreement, by
which it was agreed that the father "shall retain such
custody so long as he gives the child proper care, support,
and suitable home surroundings, subject to the right of
said Perlie P. Carpenter to visit said child at reasonable
intervals." The petitioner filed her petition, asking the

---

[1] As to validity of contract for transfer of parental responsibility
or authority, see note to *Enders* v. *Enders* (Pa.), 27 L. R. A. 56.

custody of the child, and alleging that the respondent was not providing the child with a suitable home or proper surroundings; that he was not a suitable person to have the care, custody, and education of the child; that the home surroundings of the child were improper and detrimental to his welfare and well-being. A hearing was had, testimony taken, and the circuit judge committed the custody of the child to the mother. The case is before us upon the writ of certiorari to determine the validity of the order of the circuit judge. The decision of the circuit judge is as follows:

"By nature the mother is better fitted than the father to have the care of young children. Our statute, providing that the mother shall have the care of children of tender years, recognizes this fact. For this reason the care of the child is committed to the mother. I will say, however, that from the evidence, and from the appearance of the parties, the father appears to be possessed of more affection and is more tender and sympathetic than fathers usually are. He is in every way fitted, as far as a father can be, to have the care of the child. Notwithstanding these qualities of the father, I am still of the opinion that the best interests of the child will be subserved by intrusting its care to the mother.

"It is to be distinctly understood, however, that the child is to be brought up to respect its father, also its grandparents; and that any act on the part of the mother which tends, or will tend, to cause the child to lose its respect for its father or its grandparents, will be deemed sufficient cause to transfer the custody of the child to the father. The use of such expressions as "Uncle Didley" by the mother or the members of her household, of and concerning the father or grandparents, or applying the term "slave" to the father, or the use of any language which will tend to cause the child to think less of its father, are prohibited, and if made use of will be deemed sufficient reason for giving the custody of the child to the father.

"In addition to the above, the father is to have the right to visit the child at all reasonable times during the daytime, but not later than 8 o'clock in the evening; and, in case the child is ill, immediate notice of such sickness will be communicated to the father, who will be permitted

to visit the child and obtain for it proper medical care, provided the same has not already been furnished by the mother. Also, the father is to have the right to have the child visit him at his home three Sundays in each month."

*Parm C. Gilbert*, for petitioner.

*Underwood & Umlor* and *John W. Patchin*, for respondent.

GRANT, J. (*after stating the facts*). A husband and wife, on separating, may make a valid contract for the care of their minor children. Such contract, while valid between the parties, will not be sustained to the detriment of the minor child, whose interests are of the first consideration. The circuit judge, in his return, finds that the respondent provided for the child in every way as the parties contemplated he would provide at the time they entered into the agreement, and that both are suitable persons to have the care and custody of the child; that the respondent, if awarded the custody of the child, will place him in the home of his father, Theron W. Carpenter, which consists of his wife, an aged lady in poor health, his daughter, a most estimable lady, who is a school teacher, and the respondent. He further returns:

" In arriving at my determination as to the custody of this child, I have considered all the facts in the case as they appear in the evidence, the home surroundings, the peculiar temperament of Theron W. Carpenter, and the natural effect upon the child being brought up under the immediate influence of an adult person mentally constituted as is Mr. Theron W. Carpenter."

· Counsel for respondent, in their brief, ask:

" Are we to assume that courts are better qualified to say who shall have the custody of minor children than their natural parents ?"

The instant answer to this question is:

" Yes, when it appears that the child is not by the

parents, or either of them, placed amid proper surroundings."

The judge, from the evidence which is not before us, and from a knowledge obtained by an examination of the witnesses, has found as a fact that the welfare of the child will be best subserved by placing it in the care of the mother. In this proceeding, we can decide only questions of law; the determination of the judge as to the facts being conclusive. *In re Sneden,* 105 Mich. 61; *Corrie* v. *Corrie,* 42 Mich. 509. It is certainly to be hoped that these parents, if they cannot live together in harmony and take care of their offspring as they ought to do, will at least have the good sense to agree to do what is for their children's best interests.

The judgment is affirmed.

McALVAY, C. J., and CARPENTER, and HOOKER, JJ., concurred. MOORE, J., concurred in the result.