## SMITH *v.* KIEL.

1. CERTIORARI—HABEAS CORPUS—REVIEW—QUESTION OF FACT.
   On certiorari to review habeas corpus for the possession of a minor child, this court, having examined the testimony sent up by agreement with the return sufficiently to ascertain that there is testimony which supports the conclusions announced, will not re-examine it for the purpose of determining the facts.

2. HABEAS CORPUS—CUSTODY OF CHILD—CERTIORARI — REVIEW— DECISION.
   Where, on certiorari to review habeas corpus for the possession of a minor child, it is clear that the decision of the court below was based upon the idea of the superior legal right of the parent over that of the grandparent, both being suitable persons, language indicating a balancing of the rights of the parent and the interests of the child rather favorable to the parent is not sufficient to overturn a decision awarding the custody to the parent.

   150 MICH.—27.

Certiorari to Kent; Sessions, J., presiding. Submitted November 12, 1907. (Calendar No. 22,500.) Decided December 10, 1907.

Habeas corpus proceedings by Frederick Smith against Benjamin Kiel and Jane Kiel for the custody of Jennie Smith, an infant. There was an order awarding the custody to petitioner, and respondents bring certiorari. Affirmed.

*Taggart & Taggart*, for petitioner.

*Holmes & Holmes*, for respondents.

Ostrander, J. Jennie Smith is an infant, born November 19, 1897. Frederick Smith is her father. Benjamin and Jane Kiel are her grandparents, being the father and mother of her mother, who died August 4, 1898, since which time Jennie has been in the care and custody of her grandparents, living in their family and entirely supported by them. Upon the application of the father, a writ of habeas corpus was issued out of the circuit court for the county of Kent, directed to the grandparents, the purpose of the father being to secure the custody of his daughter. In the habeas corpus proceeding, the parties appeared by counsel, and a large amount of testimony was taken, with the result that an order was entered awarding the custody of the daughter to her father. Thereupon the grandparents sued out of this court a writ of certiorari to review the order and determination of the circuit court, and in their affidavit for the writ they assign errors as follows:

"(1) Because Frederick Smith, after the death of his wife, made and entered into a contract with these petitioners, by the terms of which they were to assume the care, custody, and education of said Jennie Smith during her minority, and in lieu of furnishing such care, custody and education were to have her custody.

"(2) Because Federick Smith has wholly and completely abandoned his said child, Jennie Smith, and has

not contributed or offered to contribute anything towards her care, custody, and education and support from the date of her birth up to the present time, although he claims to have been fully able and capable to furnish such support, if he desired.

" (3) Because the said Frederick Smith is not a proper person to have the care, custody, and education of said child, which is thoroughly and completely demonstrated through his actions and conduct toward her, and the lack of interest that he has taken in her welfare during the first nine and a half years of her life.

" (4) Because it is for the best interest of said child to remain with these petitioners, where she has remained and been brought up from three days prior to her mother's death up to the present time.

" (5) Because the said Frederick Smith is now estopped from claiming any right to the possession and custody of said child, after having accepted the benefits of the contract that he made and entered into with these petitioners for upwards of nine years.

" (6) Because the child desires to remain with her grandparents."

In a written opinion, the circuit judge determined, adversely to plaintiffs in certiorari, the contentions indicated in the assignments of error, excepting only the sixth—as to the fact expressed in the sixth assignment, the opinion is silent. He found, as matter of fact, that a contract was not proven; that the father was a fit person to have the custody of the child, and was financially able to care for her; that he had not abandoned her; that it was not established that the best interests of the child demanded that she remain with her grandparents. By agreement of counsel, the testimony was sent up with the return. We have examined it sufficiently to ascertain that there is testimony which supports the conclusions announced. This court will not re-examine the evidence for the purpose of determining facts. *Corrie* v. *Corrie*, 42 Mich. 509; *Carpenter* v. *Carpenter*, 149 Mich. 138. The child gave no testimony, but counsel for defendants requested the court to question her. This the court declined to do, saying that her wishes could not be permitted to overrule

legal rights. From this and the language of the opinion which was filed, it is made clear that, having become convinced that both the father and the grandparents were suitable persons to have the care of the child, decision was based upon the idea of the superior legal right of the parent. It is also clear that the court had in mind the rule that the legal right of the parent to the custody of his child will not be enforced against the best interests of the child. It is true that the language, "His right is also lost in case the welfare and interests of the child imperatively require that he should be deprived of its custody," employed in the opinion, is somewhat indicative of a balancing of the rights of the parent and the interest of the child rather favorable to the parent. We are of opinion, however, that we should not say, as matter of law, that the conclusion should be overturned.

The decision is affirmed.

MCALVAY, C. J., and CARPENTER, HOOKER, and MOORE, JJ., concurred.