### *In re* LA CROIX.

HABEAS CORPUS—INFANCY—CUSTODY—PARENT AND CHILD.

> A parent who is entitled by a decree of divorce to the custody of her infant daughter and makes an arrangement with a third person for her care and custody, not shown to be disadvantageous for the child, reserving the right of re-possession on paying expenses of maintenance, is not entitled to the custody of her child by habeas corpus without a showing that the change would promote the child's welfare.

Certiorari to Wayne; Donovan, J. Submitted March 1, 1910. (Docket No. 180.) Decided March 19, 1910.

Habeas corpus proceedings by Irene Collins to obtain the custody of an infant. An order dismissing the petition is reviewed by petitioner on writ of certiorari. Affirmed.

*Clarence D. Dwyer*, for petitioner.

*Walter M. Trevor*, for respondent.

BLAIR, J. Irene Collins is the mother of Margaretta La Croix, an infant four years of age, and, on the 31st day of August, 1908, by the Wayne circuit court in chancery, was granted a decree of divorce from George La Croix. The decree provided:

"That said complainant, Irene La Croix, shall have the care, custody, and education of the said minor child mentioned in said bill of complaint in this cause, and that said minor child shall remain with said complainant, Irene La Croix, until said child shall attain the age of 14 years."

On the 25th day of October, 1909, Hon. Joseph W. Donovan, circuit judge, made an order purporting to appoint one Lottie Ryan guardian of said infant child. The order read as follows:

"At a session of the circuit court for the county of Wayne, convened and held at the circuit court rooms in

the city of Detroit on the 25th day of October, in the year 1909.

"Present, J. W. Donovan, circuit judge.

"On hearing the testimony taken in open court, it is ordered that Mrs. Lottie Ryan be, and she is hereby, given the care and custody of Margaretta La Croix, an infant, in place of Margaretta Morrissey, formerly appointed guardian of said infant; this by the consent of the child's mother. That in case the mother, at any future time, desires to regain the custody of her said child, she may do so upon payment to the said guardian (Mrs. Ryan) $1.50 per week for the said child's board, one-half of the amount of the doctor's bills, and one-half of the cost of said child's clothing during the period the said child remains in the custody of said guardian, said settlement to be made before the child is returned to the mother."

On the 6th day of December, 1909, Irene Collins filed in the Wayne circuit court a petition, in which it was alleged that Margaretta La Croix is being restrained of her liberty, without the consent or permission of said Irene Collins, by said Lottie Ryan; that she was not restrained or detained by virtue of any process, civil or criminal, and said petitioner prayed that a writ of habeas corpus issue out of and under the seal of the circuit court for the county of Wayne for the purpose of inquiring into the cause of such detention and restraint. On said 6th day of December, 1909, in obedience to the prayer of said petition, Hon. James O. Murfin, circuit judge, issued out of and under the seal of said court a writ of habeas corpus directed to Mrs. Edward (Lottie) Ryan, which writ was made returnable at his courtroom in the county building on December 13, 1909. On December 13, 1909, the matter of said writ came on for hearing before Judge Murfin, at which time the hearing thereon was adjourned until December 20th, and referred to Hon. Joseph W. Donovan, circuit judge, and on the morning of December 20th the matter of said hearing came on before Judge Donovan at his courtroom in the county building, at which time said Lottie Ryan filed her return to said writ, and the court thereupon dismissed

said petition and writ. The answer of the respondent, Mrs. Ryan, to the petition for the writ of habeas corpus, which was not traversed, is in part as follows:

"That said Irene La Croix not being able to suitably provide or place her said child amid proper surroundings, she gave same to her aunt, Mrs. Morrissey, to take care of; that after a time Mrs. Morrissey being unable to take further care of said child, the said Irene La Croix appeared before the circuit court, in chancery, and testimony was taken in open court, whereby she testified that she was unable to take care of her said child, and requested said court that her sister-in-law, Mrs. Edward Ryan, be appointed guardian of said infant, this done by the consent of the child's mother, as said child was suffering from a very serious disease, and the mother could not properly take care of said child, and that the said Margaretta La Croix, a minor, is now properly taken care of, and in a good and suitable home, with proper surroundings.

"*Third.* This respondent further answers and says that the said Irene Collins, formerly La Croix, appeared before the circuit court about two weeks ago, and requested that her child be returned to her, and that a hearing was had on the 6th day of December, A. D. 1909, before Hon. Joseph W. Donovan, and testimony was taken in open court, showing that the petitioner was not a fit or proper person to have the care or custody of her said child, and that the respondent, Mrs. Lottie Ryan, was a fit and proper person to have the care of said child, and that said court reaffirmed the order made on the 25th day of October, A. D. 1909."

In dismissing the petition the circuit judge said:

"I want to state on the record that this Irene La Croix came in and took the stand, the witness chair, and petitioned in person, and said she was weakly; that the doctor had told her she was to refrain from any extra exertion; that he indicated she had consumption, or something of that nature; that she was unable to earn and support the child at that time, and after and at her own personal request, it was passed over to Mrs. Ryan, a relative, to be made guardian of the child at the mother's request, and Mrs. Ryan came forward and accepted it, and Mrs. Ryan suggested that at any time she wanted to take the child back, and pay her a small sum for board, she would give it back. I decline to meddle with the custody of the

child under the present showing until they show something is going wrong in the usual way. The habeas corpus is dismissed. Whenever you come forward in the proper way it will be considered."

Petitioner has brought the matter before us for review upon writ of certiorari. There was no claim in the petition for the writ of habeas corpus, nor evidence before the circuit judge, to the effect that the welfare of the child would be promoted by restoring her to the custody of her mother. The answer shows the contrary, and petitioner relies upon her naked legal right under the divorce decree. Conceding that the order committing the child to the custody of Mrs. Ryan did not have the effect to modify the divorce decree, it does not follow that petitioner is entitled, as a matter of law, to her custody. Petitioner voluntarily entered into an agreement with Mrs. Ryan in open court to transfer her right to the custody of the child to Mrs. Ryan, upon the understanding that she might regain such custody by paying Mrs. Ryan in part for her services and expenditures. She sets up no claim that the present custody does not subserve the best interests of the child; neither does she dispute, either by pleading or evidence, the allegations of the return to the effect that the child's welfare will be promoted by leaving her where she is. The welfare of the child is the governing consideration, and a large discretion is vested in the circuit court in determining the child's custody. *Corrie* v. *Corrie*, 42 Mich. 509 (4 N. W. 213); *Carpenter* v. *Carpenter*, 149 Mich. 138 (112 N. W. 748); *Bonnett* v. *Bonnett*, 61 Iowa, 199 (16 N. W. 91, 47 Am. Rep. 810).

We find no valid reason for overturning the decision of the circuit court, if, indeed, we are at liberty to do so upon this record.

The order of the circuit court is affirmed, and the petition dismissed.

MONTGOMERY, C. J., and OSTRANDER, HOOKER, and STONE, JJ., concurred.