# JUNE TERM, 1910.

---

*In re* MOULD.

1. HABEAS CORPUS—RES JUDICATA—INFANTS—CUSTODY.
    In proceedings to determine the right of a parent or guardian to the care and custody of a child, the determination of the right by a court of competent jurisdiction is conclusive on another court exercising the same jurisdiction upon the same facts.

2. SAME—APPEAL AND ERROR.
    On appeal from such finding, the court would not disturb a finding of fact based upon competent testimony.

3. SAME.
    Courts are bound to consider the interest of the child in awarding custody to either claimant.[1]

4. SAME—STATUTES.
    That the petitioner is described as guardian of the child is immaterial except to show petitioner's interest in habeas corpus to determine the legality of detention by a probation officer of an alleged delinquent resident of another county. Act No. 6, Pub. Acts Extra Session 1907.

5. SAME.
    Any person may make the application (3 Comp. Laws, § 9860); and the issue is between the child and the person detaining her, between the child and the law and procedure invoked as authority for her detention.

6. SAME—STATUTES.
    A petition for habeas corpus in favor of an infant of twelve years, alleging that she is not a person mentioned by 3 Comp. Laws, § 9859, and is unlawfully imprisoned on a charge of having committed a felony in a county where she does not reside, under a commitment by the probate court to the probation officer, is not concluded by a refusal of another court exercising like jurisdiction to discharge the accused.

7. CRIMINAL LAW—INFANTS.
    A child of twelve years cannot be prosecuted for a felony in any court.

---

[1] As to State guardianship of children, see note to *Whalen* v. *Olmstead* (Conn.), 15 L. R. A. 593.

8. SAME.
   The commission of a felony renders the infant a delinquent child.

9. SAME—JURISDICTION OVER JUVENILE OFFENDERS.
   The inquiry as to whether such infant is a delinquent child under Act No. 6, Pub. Acts Extra Sessions 1907, should take place in the county of her residence.

Habeas corpus proceedings by Florence J. Chappell against Ada Freeman, a probation officer, to obtain the release from custody of Lois Mould, an infant. Submitted May 26, 1910. (Calendar No. 24,070.) Writ granted June 8, 1910.

*Louis W. McClear*, for petitioner Chappell.

*William Van Dyke* and *Allan H. Frazer*, for respondent Freeman.

Exercising original jurisdiction, this court issued the writ of habeas corpus to bring before the court Lois Mould, a female child 12 years of age, who, it was represented, was unlawfully restrained of her liberty by the probation officer of Wayne county. This officer produced the child, as she was commanded to do, and returned that she had her in custody by virtue of an order of the probate court of Wayne county, and also by virtue of an order, finding, and decree of the circuit court for Wayne county. The order of the probate court, juvenile division, made May 11, 1910, is as follows:

"A petition having been heretofore filed in this court wherein it is alleged that Lois Mould, alias Mole, is a juvenile delinquent person within the meaning of the statutes of the State of Michigan, and on the 14th day of April all parties interested being then represented in open court or having notice, and it then appearing to the court necessary and for the best interests and welfare of said child and the public, the court placed said child in the care and custody of Ada Freeman, a duly appointed probation officer, and ordered said child detained for a period of 30 days, and on the 23d day of April a new complaint having

been filed in such matter and after due notice to all persons interested come on for hearing before this court, on the 4th day of May instant, at 8 :30 a. m., and Louis W. McClear, an attorney, appearing for the alleged guardian of said child, and requesting an adjournment to this date, and upon hearing this day, said Louis W. McClear again appearing and asking that said matter be further continued, it is ordered that said matter be and the same is hereby continued to the 18th day of May inst.,at 9 o'clock in the forenoon, and, it still appearing to the court that the interests of said child and public interests require that said child be detained in the custody of some suitable and proper person, it is further ordered that said Lois Mould, alias Mole, be, and she is hereby, committed to the care and custody of Ada Freeman, a duly appointed probation officer of this court, with full power and authority over the person of said Lois Mould, alias Mole, until the further order of this court, but not to exceed a period of 30 days from the date hereof, unless otherwise ordered."

The complaint of April 23d referred to in the order sets out upon information and belief that Lois Mould is a resident of Livingston county, Mich., in which county her guardian also resides; that she is a delinquent child, and has violated the laws of the State, in that she committed the crime of perjury in the recorder's court of Detroit in giving her testimony in a cause depending in that court, she being sworn as a witness upon the trial of said cause. The details are set out at length. There is no order or decree of the circuit court for the county of Wayne set out in said return. There is an opinion and finding of Judge Donovan, one of the judges of that court, in habeas corpus proceedings in the matter of Lois Mould, which is here set out:

"I find on listening to argument of counsel for petitioner and respondents, and upon reading record of testimony taken in recorder's court and before the police department prior to trial, showing facts and circumstances surrounding crime committed against child in this case, Lois Mould, and showing to my satisfaction that crime was committed, and that child did make frank and free statements to police department and to others, and after

reading record in application to Supreme Court of this State that child be released on bond, I am satisfied that crime was committed against child, and that child did make a frank statement showing guilt of her father, and that within 11 days after committing of offense Florence J. Chappell had herself appointed guardian in Livingston county, this State, with connivance of father of child, who was on trial in recorder's court for offense against child and influencing child to deny truth and perjure herself on trial of father, and that such child did perjure herself on the trial of her father and was properly committed by Hon. William F. Connolly, one of the judges of the recorder's court for the city of Detroit, for committing perjury during the trial of the People of the State of Michigan v. Charles Mould, father of said child, and then properly transferred to juvenile division of probate court, Wayne county. I further find that, while said child was found so under arrest she was properly taken before probate court in accordance with statute, and there properly complained against. The record in case discloses that child was under subpœna and bond to answer, appear, and testify in recorder's court, and came to recorder's in response to subpœna and bond, and, while being there adjudged by such court competent to testify, perjured herself. I find that juvenile division of probate court has jurisdiction over children of any county who commit felonies within this county, and of child in this case. In consideration of facts disclosed to me by arguments of counsel and records before me, I find that best interests and welfare of child demand that she be not given to petitioner in this case, and that she be turned over by this court on this writ to Ada Freeman of this city, county, and State, and further, that she be left within jurisdiction of juvenile court of this county, to be disposed of, and that, if such jurisdiction fail, I remand child to custody of said Ada Freeman, she being a competent and trustworthy custodian for child and willing to accept responsibility thereof. In any event, I find, and, in so finding, hereby dismiss writ applied for, that petitioner for writ is only guardian of property of Lois Mould, and not guardian of her person; therefore, in accordance with decision found in the fourteenth Michigan [*Taff* v. *Hosmer*, 14 Mich. 249] and consistently followed in this State, and with holding of our Supreme Court, *In re Heather Children*, 50 Mich. [261 (15 N. W. 487)], I find

that petitioner has no such right or interest such as entitled her to apply to this court for a writ of habeas corpus, and for that reason writ is dismissed."

It is asserted by the said probation officer in her return that this finding and determination is not reviewable except upon certiorari, and in an original proceeding in this court is *res adjudicata* the right of said officer to the custody of the child. It is further stated in said return, in substance and effect, that the father of Lois Mould, a man upwards of 40 years of age, was arrested in Detroit, charged with having committed a rape upon her in that city; that she informed certain police officers that her father did commit this crime; that she was for a time detained as a witness, but was later enlarged, and went, with her aunt (who sued out the writ in this proceeding), to Fowlerville, in Livingston county, and remained with her until she appeared in the recorder's court in Detroit to give her testimony upon the trial of her father. Inferentially, at least, it is charged that the said aunt secured possession of her person for the purpose of influencing her with respect to the testimony she should give upon the trial of her father, and did influence her.

The father was convicted of an assault and committed to the Detroit house of correction, to serve a short sentence. The mother of the child is said to be living, at what place is not stated, but she does not live, and for some time has not lived, with her husband. It is set up in the petition for the writ, and is not disputed, that from February 21st until February 26th the girl was detained by the police. On the last mentioned day an order was made by the recorder transferring her to the probate court, juvenile division. On the same day, the probate court, juvenile division, ordered the county agent to investigate the case and make a proper report, and meantime committed the girl to the probation officer, who now has her in custody, to be kept at the House of the Good Shepherd at the expense of the county. A complaint was made in said probate court March 30th, charging the girl to be a

delinquent child, and on April 8th the judge of that court held that the said complaint conferred no jurisdiction upon the court, and that the recorder had no authority to transfer the matter to the probate court. The matter was therefore dismissed, with the further holding and determination that as the father of the child had apparently made his home with her aunt and would probably, when his sentence expired, return there, he would detain the child as one not having proper parental care, for five days, and place her in charge of said probation officer, to be detained in "the place of detention provided by the county of Wayne." On April 9th the child was charged in the police court with having committed perjury. A warrant was issued, and she was arrested, arraigned on April 12th, and, in default of bail, committed to the county jail. On April 14th she was discharged. The same person who had made the complaints referred to made two petitions on April 8th and filed them in probate court, in one of them charging that the child was a delinquent and in the other that she was a neglected and dependent child. On April 14th she was by order of that court committed to the said probation officer. From time to time the matter was adjourned. During all of the time the child has been in custody.

The county agent made a report, in which, among other things, he stated that the—

"Child did live with aunt at Fowlerville. The aunt keeps a little notion store and the uncle drives a wagon for a coal dealer. They are both hard-working people and well spoken of."

As to the child's testimony in court he stated:

"She says the first story she told the police she did not understand. She said she did not know the meaning of the word 'intercourse.' When her aunt explained it to her the meaning of the word, she said, 'No; that was not so,' and that is the reason she changed her statement. I understand that doctors have examined this child and some say she is all right and some say she is not, but the majority are with the girl."

OSTRANDER, J. ( *after stating the facts*).   If this was a proceeding brought to determine the right of a parent or guardian to the care and custody of a child, it would be urged with propriety that the determination of the right by a court of competent jurisdiction ought not to be reviewed or set aside by another court exercising the same jurisdiction upon the same facts.   *In re Sneden*, 105 Mich. 61 (62 N. W. 1009, 55 Am. St. Rep. 435).   In the case supposed an appellate court would not disturb a finding of fact based upon competent testimony ( *Carpenter* v. *Carpenter*, 149 Mich. 138 [112 N. W. 748]; *Smith* v. *Kiel*, 150 Mich. 417 [114 N. W. 229]), and any court would be bound to consider the interest of the child in awarding custody to either claimant.   It is true the person suing out the writ describes herself as guardian of the child.   This is of no significance except as showing her interest.   Any person may make the application.   3 Comp. Laws, § 9860. The issue here does not arise between persons claiming the right to custody of a child.   The issue is between the child and the person who detains her, between the child and the law and procedure invoked as authority for her detention.

It is alleged in the petition that the child is imprisoned by an officer, and that she is not one of the persons mentioned in 3 Comp. Laws, § 9859.   In such a case it is no bar to habeas corpus proceedings in this court that some other court exercising a like jurisdiction has refused to discharge the imprisoned person.   And no finding or order of such other court in such a proceeding can be relied upon in this court as authority for the detention.   The single question which is presented for determination, therefore, is whether the probate court for Wayne county had authority to commit this child.   We assume, for the purposes of decision, that she is charged before that court with having committed a felony in the county of Wayne, and that, if she were more than 14 years of age, she might be tried for the offense charged in that county.   She is not 14 years of age.   Therefore she cannot be prosecuted for

the felony in any court. Whether she has committed a felony may be inquired about. If she has, her status is thereby fixed. She is a delinquent child.

A careful reading of the statute (Act No. 6, Pub. Acts 1907) passed at the extra session of the legislature leads us to the conclusion that the probate court for Wayne county is, in this case, without jurisdiction to make the inquiry and to thereafter dispose of this child as the result thereof may seem to warrant. The statute is in many respects one of uncertain meaning. It is, however, a general law in force in every county of the State. It appears to be contemplated that the probate court of each county shall have jurisdiction over the delinquent, dependent, and neglected children, or those charged as such, resident in the county. It is not always easy to determine the precise meaning which the legislature intends shall be given to the words "residence" and "resident" in a particular statute. With respect to the statute under consideration, we think it is reasonably clear that jurisdiction of the court does not depend upon the place where the alleged offense is committed, the commission of which is the basis for charging the child as delinquent. So long as the child may not be prosecuted for the crime, there is no good reason for saying that status, although depending upon the fact of a crime committed, must be determined in the county where the offense was committed. There is much reason for saying that a child resident in any county may be charged in that county as a delinquent, dependent, or neglected child upon facts none of which occurred in that county. Section 5 of the act provides that the sworn petition to be filed in the probate court shall set forth that the child is a "resident in said county," with the facts which show that the child is a delinquent, dependent, or neglected child within the meaning of section 1 of the act. At the same time, it must be admitted that in other portions of the law language is employed which appears to support the idea that the probate court of the county in which the child shall be found or shall be apprehended has jurisdiction.

Notably is this true of the provisions found in section 6, which provides for the transfer of cases pending in police and justice's courts, together with all papers connected therewith "to the said court," upon which said transfer "the said court may proceed to hear and dispose of the case in the same manner as if said child had been brought before the court upon petition, as hereinbefore provided." The legislature has provided no method or procedure for transferring a case from the police magistrate of one county to the probate court of another county, and none for transporting in custody a child committing depredations in one county to the county of his residence.

We do not hold or intimate that a child may not become resident in a county, within the meaning of this law, independent of the place of residence of his parents or guardian. We hold upon the facts of this case that Lois Mould was not, and is not, a resident in the county of Wayne within any meaning which may be given to the words of the statute. She is described in the complaint as a resident of Livingston county. She went into Wayne county in obedience to the process of a court of record. She was resident in Livingston county, living there with her relatives, one of whom was and is, by order of the probate court of that county, guardian of her estate if not of her person. If her conduct in court in Wayne county was such that she may be charged with being a delinquent child, the necessary inquiry can as well be made in Livingston county, her status as well determined in that county. While the law is in a sense remedial in character, it is nevertheless a penal law. The essential thing to the child, and to the public, is the inquiry upon the result of which her status depends. It better accords with established notions of justice, and with the general purpose of this general law, to hold that the inquiry should be had in the county of her home rather than in a county in which she was never in any sense a resident. So much significance we feel bound to give to the language which requires the petition to show that the child complained about is

" resident in said county." We have no doubt that, as enforcement of the law proceeds, necessary amendments to its provisions will be made by the legislature.

Upon the hearing, the child was given in custody to Miss Ada Freeman, the probation officer of Wayne county. An order will be entered requiring her to deliver the child to the petitioner upon request. The child was in the custody of petitioner and lived with her when she was summoned to appear as a witness in Wayne county. If there is apprehension that the child should not remain with her, the courts of Livingston county are open; and, if she is regarded as a delinquent child, a proper petition in the probate court for that county will institute the statute inquiry. We award no costs.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.