THE STATE ex rel. ROBERT BRACEY v. EWING G. OSSING, Judge of Circuit Court of City of St. Louis.

In Banc, November 25, 1924.

1. **MANDAMUS: Willing Respondent.** The office of the writ of mandamus is to compel action by the unwilling. It will not issue to compel the doing of an act which the person sought to be coerced admits on the record he is willing and ready to do without coercion.

2. ———: **Divorce Action: Examination by Probation Officer: Proceeding to Trial.** Respondent, sitting as the trial judge in a divorce action, twice announced that the cause would be continued until plaintiff complied with a rule of court which provided for an investigation, by informal, personal visit, interview and inspection by a probation officer, when the custody, support and welfare of a minor child is involved, and which the officer interpreted to authorize him to make an examination of the house wherein such minor child was kept, with special reference to the moral surroundings, sanitation and neighborhood; but subsequently, and after the probation officer had made the examination, the court set the case down for trial on a certain date and notified both plaintiff and

defendant that the case had been set for such date, and thereupon, before said date, the plaintiff applied for a writ of mandamus to compel respondent to proceed with the hearing, trial and determination of the divorce case without requiring plaintiff to comply with such rule. *Held*, that there were no provisions of the rule to be enforced after the investigation provided for by it were made, and it would be useless to command respondent to proceed to do what he is already willing and ready to do.

3. ———: ———: ———: Rule of Court: Legislative Character: Unreasonable Search. Whether a rule of court providing that, in a divorce action, wherein the custody, support and welfare of a minor child is involved, a probation officer shall make an investigation into the condition of the parties by informal, personal visit, interview and inspection, and file a report, to be open to the inspection of either party, and not to be read in evidence or considered as evidence, but providing that the officer may be called as a witness by either party or by the court, is legislative in character, or provides for unreasonable search of home, or violates security of person, or is a denial of due process or equal protection of the law, or violates other constitutional rights, are all moot questions in a mandamus wherein relator, after the officer has made the investigation and filed his report and the court has set the divorce case down for trial on a named date, asks that the respondent be compelled to proceed with the trial without requiring him to comply with or enforcing the rule.

4. ———: ———: ———: Aid to Court. The court in a divorce action is not concluded by the pleadings or such evidence touching the custody of minor children as the parties see fit to lay before him, but stands in the place of a parent to such children, and, in the exercise of a sound discretion, and of his own motion, may cause witnesses to be summoned and examined; and a rule of court requiring an examination to be made by a probation officer into the status and condition of the parties and of the home wherein their children are kept, with special reference to their moral surroundings, sanitation and associations, but requiring neither party to submit to an inquisition at the hands of the officer as a prerequisite to judicial determination of their rights and containing no implication of penalty, in staying the divorce action or otherwise, if either refuses to be interviewed or to permit inspection, and designed solely to enable the court to determine whether additional witnesses exist who if summoned could give additional material evidence relating to the welfare of the children, is a lawful exercise of the court's discretion.

Headnotes 1 to 3: Mandamus: 1 and 2, 26 Cyc. 168; 3, 26 Cyc. 481 (1926 Anno). Headnote 4: Divorce, 19 C. J. par. 795.

## Mandamus.

PRELIMINARY RULE DISCHARGED.

*Douglas W. Robert, Dwight D. Currie, Wm. L. Sturdevant* and *Guy A. Thompson* for relator.

(1)   The circuit court has no power to make or enforce a rule which is in conflict with the Constitution or statutes, and if it does make such a rule and refuses to proceed with the trial of a case until a party litigant complies with the void rule, mandamus will lie.   The writ has been issued to compel inferior courts to proceed in cases, pending before them, in the face of rules which this court held unconstitutional.   State ex rel. Plummer v. Gideon, 119 Mo. 94; State ex rel. v. Withrow, 135 Mo. 376; State ex rel. Angold v. Utz, 236 S. W. 386.   It is elementary law that mandamus is the remedy to compel inferior courts to perform some act which it is required to perform and which it refuses to perform.   Hargadine-McKittrick Co. v. Garesche, 227 S. W. 824; State ex rel. v. Grimm, 220 Mo. 483; State ex rel. v. Homer, 249 Mo. 58; State ex rel. v. Cockrell, 280 Mo. 269.   Rules must not be arbitrary, unreasonable, contrary to the statute, nor of a nature to deprive a party of legal rights.   (2)   Rule 47-B provides for an unreasonable search of the relator's home, and violates the security of his person.   The investigator is required to visit and inspect the home of the plaintiff. This is a species of espionage not tolerated in this country. Mo. Constitution, art. 2, sec. 11; Ex parte Brown, 72 Mo. 94.   (3)   Rule 47-B deprives the relator of due process of law. No other circuit in the State has such a rule or system, and the relator will have to submit his case, and have it tried in a different manner than will litigants in other counties.   The general statutes, Section 1801 et seq., prescribe how divorce cases shall be tried in all courts of the State, and if relator cannot try his in the

same way persons of other counties try theirs, he is denied due process of law and equal protection of the law. State v. Guerringer, 265 Mo. 408. (4) The Constitution vests the legislative power in the General Assembly. The Assembly has enacted laws on the subject of divorce, Sec. 1801 et seq., R. S. 1919. Rule 47-B provides for matters directly contrary to the statutes, and it also adds to the statutes. There is no authority in law for the appointment of "investigators" by the Courts of Domestic Relations. There is no authority in the statutes for appointment of "investigators," "supervising" or otherwise, by that name. The only provisions for the appointment of persons to assist either branch of these courts are contained in the Juvenile Court law, and in these statutes are provisions for the appointment of a probation officer and deputy probation officers, but nowhere is mentioned the name or title "investigator," or "supervising investigator." By the adoption of this rule the circuit court has exceeded its jurisdiction and undertaken to legislate, a function belonging solely to the General Assembly.

*Conway Elder, Vital W. Garesche* and *W. W. Henderson* for respondent.

(1) The relator asks this court to compel, by its writ of mandamus, the respondent to do and perform what he had already done prior to the application of the writ. This court will not decide a moot court question in an action of mandamus. State ex rel. v. Associated Press, 159 Mo. 410; State ex rel. Burton v. Bagby, 288 Mo. 488; 18 Ruling Case Law, sec. 53, p. 138; State ex rel. Hixon v. Lafayette County Court, 41 Mo. 39; 26 Cyc. 147. (2) Mandamus will not go to compel the discharge of a doubtful duty. 26 Cyc. 163; State ex rel. v. Buehler, 90 Mo. 560; State ex rel. Gibson, 187 Mo. 553. (3) The court will not issue a discretionary writ for the mere purpose of determining an empty and barren technical right in

its favor. State ex rel. Star Publishing Co. v. Associated Press, 159 Mo. 410; State ex inf. Barker v. Kansas City Gas Co., 254 Mo. 515. (4) The existence of another adequate legal remedy is always a bar to relief by mandamus. State ex rel. Faires v. Buehler, 90 Mo. 570; Dunklin County v. District Court, 23 Mo. 449; Blecker v. Law Commissioners, 30 Mo. 111. Relator, without mandamus, will have his trial and has the right of appeal if error is committed. (5) In a divorce proceeding there are four parties involved, to-wit, the plaintiff, defendant, the State and the child or children. Milster v. Milster, 200 Mo. App. 606; 2 Bishop, Marriage and Divorce, sec. 489. (6) The parties, plaintiff and defendant, are represented by their respective counsel. The judge of the court in a large degree takes care of the interests of the State and the children. Moore v. Moore, 41 Mo. App. 176; Meredith v. Krauthoff, 191 Mo. App. 149. The welfare of the child is superior to the claim of either parent. Meredith v. Krauthoff, 191 Mo. App. 170; English v. English, 32 N. J. Eq. 738; Kune v. Miller, 40 Wash. 125; 14 Cyc. 805; 9 Am. & Eng. Ency. Law (2 Ed.) 867, 868; Umlauf v. Umlauf, 128 Ill. 378. And in determining where the custody of a child shall go, the acts and attitude of the parents toward each other, the causes leading to the divorce, their treatment of each other, the character of the home, and the neighborhood in which the child is to be kept, and similar matters, are all material and admissible in evidence as bearing upon the question of the fitness of the respective parents to have the custody of their child. In re pray, 60 How. Pr. 194; Welch v. Welch, 33 Wis. 534; Beene v. Beene, 64 Ark. 518; Williams v. Crosby, 118 Ga. 296; Miner v. Miner, 11 Ill. 43; People ex rel. v. Brooks, 35 Barb. (N. Y.) 85. To the end of fully performing its functions, a court may summon witnesses and elicit testimony on its own motion. Kuhl v. Kuhl, 140 S. W. 949.

RAGLAND, J.—Original proceeding in mandamus. On the pleadings, and by stipulation, the conceded facts are as follows:

Respondent is one of the judges of the Circuit Court of the City of St. Louis; the division over which he presides is known as Division No. 15 of the Circuit Court and also as Division No. 1 of the Court of Domestic Relations. There is in force, or was at the time of the occurrences complained of, a rule promulgated by the judges of the St. Louis Circuit Court sitting in general term known as Rule 47-B. This rule provides, in substance, that in causes pending in either of the two divisions of the Court of Domestic Relations wherein either party prays for a divorce or for the annullment of a marriage or for separate maintenance, and wherein the custody, support and welfare of any minor child is involved, a probation officer of the court shall make an investigation into the status and conditions of the parties to such cause, with especial reference to the child or children so involved; that such investigation shall be by informal, personal visit, interview and inspection, as far as practicable, and without administering oaths or taking written statements from any party to or person interested in such cause so investigated; that the result of such investigation shall be reported in writing by the person making the same on a blank printed card, and the report filed with the clerk of the division in which the cause is pending at least ten days before the trial day, and be open to the inspection of counsel for both parties thereto; and that "at the trial of the cause said report shall not be read in evidence, or read or considered as evidence by the court, but the investigator making the same may be called as a witness by either party, or by the court, and when so called shall give testimony, under oath and subject to cross-examination, as any other witness, and subject to all the rules of evidence and all objections as to competency, materiality and relevancy of his testimony, using said report merely as a memorandum of the witness made at the time for the

purpose of refreshing the memory of the witness in so testifying.''

In making the investigation prescribed by the rule it is the custom of the probation officer, among other things, to make an examination of the home wherein the minor child or children of the parties to the divorce proceedings are housed and kept, with especial reference to the moral surroundings, sanitation and neighborhood. The officer's report, however, ''is never considered by the court as being evidence, nor read by the court until the evidence in the cause is being presented, and then only for the purpose of furnishing the court information as to whether additional witnesses, whose names may appear upon such written report, should be summoned and examined in open court for the purpose only of determining the question of the best interests and future welfare of the minor child or children involved in the cause then before the court.''

Relator is the plaintiff in an action for divorce instituted by him against his wife, Nettie Bracey, and in which he also seeks to have awarded him the custody of their minor child, Doretta Bracey. The cause came on for trial in Division No. 1 of the Court of Domestic Relations, May 14, 1924. Defendant had theretofore filed an answer, but made no further appearance. Plaintiff annouced ready and the trial was commenced. During the course of his examination as a witness in his own behalf the following occurred:

''The Court: You have refused to give any information about this child, have you? A. No, sir.

''Mr. Robert (plaintiff's counsel): You refused to be investigated by the deputy probation officers? A. Yes, sir.

''The Court: Do you refuse to give any information? A. Yes, sir.

''Q. That is about this divorce action and your child? A. Yes, sir.

''Q. And you still refuse to give any information? A. Yes, sir.

"Q. And no investigation has been made? A. No, sir.

"Mr. Robert: Why did you refuse? A. Because you told me not to.

"The Court: That was on the advice of your attorney that you refused to submit to an investigation? A. Yes, sir.

"Q. Or give any information? A. Yes, sir."

Thereupon the court announced: "The case will be continued and will not be tried until the plaintiff complies with Rule 47-B of this court, and the deputy probation officers be given an opportunity to complete investigation herein." Following this announcement relator through his counsel demanded that the trial proceed without investigation, but the court again stated that the case would be continued "until Rule 47-B is complied with."

Soon after the suit of Bracey v. Bracey was filed and prior to its occurrences just narrated, a probation officer of the Court of Domestic Relations addressed a letter to plaintiff's counsel in which she stated that the case had been assigned to her for investigation and requested that he give her the addresses of both the plaintiff, Robert Bracey, and the defendant, Nettie Bracey. To this Mr. Robert replied that he was perfectly competent to handle the case himself and would not require her assistance.

Shortly following the continuance the probation officer, without the assistance of the parties or their counsel, completed her investigation and filed her report, all pursuant to Rule 47-B. Thereafter, on the 21st day of May, 1924, and before the issuance of the alternative writ in this cause, and before application therefor was made, respondent notified counsel for both plaintiff and defendant in the case of Bracey v. Bracey, in writing, that that case had been set down for hearing on the 24th day of June, 1924. And ever since the 21st day of May, 1924, respondent has been, and now is, ready and willing to proceed with the trial of plaintiff's said action for divorce until it be completed.

The mandate of our alternative writ, following relator's petition, is that respondent proceed with the hearing, trial and determination of the divorce case "without requiring the said plaintiff (relator herein) to comply with Rule 47-B . . . and without enforcing any of the provisions of said Rule 47-B," or show cause, etc.

In an elaborate argument, both at the bar and in his brief, relator attacks Rule 47-B on constitutional grounds. He insists that it is legislative in character; that it provides for an unreasonable search of his home and violates the security of his person; and that it denies him due process of law and the equal protection of the law. These are all moot questions so far as the record here is concerned. Relator's contentions are based on the assumption that the circuit court, pursuant to Rule 47-B, refuses to proceed with the hearing and determination of his suit for divorce, until he submits to interrogation at the hands of a probation officer, or permits an inspection of his home, or both. In other words, that the court made a submission to investigation by a probation officer a condition precedent to relator's right to a hearing and determination of his action for divorce. Such is not the fact, however. The probation officer made an investigation, without any contribution thereto on the part of relator, and filed her report; the divorce case was thereupon set down for final hearing, and relator's counsel duly notified of that fact, all before he applied for the writ in this case.

In passing it may be said that by no reasonable construction can it be held that Rule 47-B requires the parties to a divorce suit to submit to an inquisition at the hands of a probation officer, or any one else, as a prerequisite to a judicial determination of their rights. It is true that it provides that the information sought shall be obtained through "informal, personal visit, interview, and inspection, as far as practicable," but it contains no implication of penalty, in the staying of the divorce action or otherwise, if the parties refuse to be interviewed or to permit inspection. When plaintiff in the case which gives rise

305 Mo.—29.

to the present proceeding, on the advice of his counsel, refused to give the probation officer any information, the latter made her investigation through other sources. When it was completed she filed her report, and the case was then set down for trial and final disposition by the court.

As Rule 47-B had already been complied with and the divorce case set down for final hearing before the alternative writ in this case was sued out, and as the respondent judge ever since such setting has been, and now is, ready and willing to continue and complete the trial of that case, this court will not do so useless a thing as to command him "to proceed with the hearing, trial and determination of the cause . . . without requiring the said plaintiff (relator herein) to comply with Rule No. 47-B." The office of the writ of mandamus is to compel action by the unwilling. It will not issue to compel the doing of an act which the person sought to be coerced admits on the record he is willing to do without coercion. [People v. Dunne, 258 Ill. 441, 447.]

However, relator further seeks to compel respondent to proceed with the trial of the divorce case "without enforcing any of the provisions of said Rule 47-B." But there are no provisions of the rule to be "enforced" after the investigation provided for by it is made and a report thereof filed. It is true that it contemplates that the report may be used by the court in connection with the trial for one specific purpose and no other. That purpose is to enable the court to determine whether additional witnesses exist, who if duly summoned and sworn to testify in the cause, would give the court additional material evidence affecting the welfare of the minor child whose custody is involved. The rule does not so provide, but its implication is: that if the report discloses that there are such additional witnesses, the court of its own motion will, if it deems it advisable, cause such witnesses to be summoned and examined. That the court may rightfully do so, in the exercise of a sound discretion, is

not open to question. With respect to the question of divorce there is a maxim: ''That a cause is never concluded against the judge.'' [Moore v. Moore, 41 Mo. App. 176; 184; 7 Ency. Pl. & Pr. 121.] With greater reason the judge should not be concluded by the pleadings of the parties and the evidence they see fit to lay before him touching the custody of children. [2 Bishop, Mar. Div. & Sep., sec. 495.] He stands *in loco parentis* to the child or children involved in divorce cases, as guardian appointed by law to protect and conserve their interests. He should be at liberty, therefore, within the limits of recognized judicial procedure, to draw to his consideration every fact that may have a bearing on their present or future welfare. [Meredith v. Krauthoff, 191 Mo. App. 149; Corrie v. Corrie, 42 Mich. 509; In re Pray, 60 How. Pr. 194.]

Relator is apprehensive lest the mind of the court, in the trial of his divorce case, be unconsciously influenced by matters appearing in the probation officer's report which will not be placed in evidence, and could not be because incompetent. We do not feel called upon to express any opinion as to his appraisal of the integrity of the judicial mind. It is sufficient to say that if at the conclusion of the trial he deems himself aggrieved in that respect he has an adequate remedy by appeal.

For the reasons set forth herein our alternative writ should be quashed and the proceeding dismissed. It is so ordered. *Woodson, White, David E. Blair* and *James T. Blair, JJ.,* concur; *Graves, C. J.,* concurs in the result in separate opinion.

GRAVES, C. J. (concurring).—I concur in the result of this opinion. It appears that the trial court did refuse to proceed with the trial until plaintiff submitted to an examination, but afterward (and after two refusals to proceed) it appears that the respondent changed his views as to the legality of this rule, re-traced his steps, and before our writ was applied for he had set the case for

hearing (without reference to the rule), and thus our writ was wrongfully sought. For this reason our alternative writ is properly quashed. I do not agree to much that is said in this opinion about the rule. It may be *obiter*, but I will risk further *obiter* by saying that I do not believe the rule can be upheld.