## Franklin Hurlburt vs. William W. Reed.

In a suit commenced by attachment against a non-resident, the Circuit Court may, in the exercise of a sound discretion, set aside the judgment, and permit the defendant to plead, where he has had no notice of the proceeding against him in season to make his defense, and has been guilty of no laches. And this, though a term has elapsed.

*Heard January 7th.   Decided January 11th.*

Case reserved from Ingham Circuit.

Suit was commenced in the Circuit Court, by attachment of real estate, against the defendant, who was a non-resident, and judgment regularly obtained at the April Term, 1857. Defendant had no knowledge of the proceedings until about the twelfth of June, 1857; and, at the earliest opportunity thereafter, which was at the July Term, 1857, on affidavit of these facts, and of a defense on the merits, he made a motion to set aside the judgment and all subsequent proceedings, and for leave to plead.

On behalf of plaintiff, it was insisted that his proceedings having been regular, and a term having elapsed since judgment, the Court had no authority to set aside the judgment and permit defendant to plead; and the Circuit Judge reserved the question whether the Court had such authority, for the opinion of this Court.

*J. W. & E. Longyear*, for defendant.

*O. M. Barnes*, for plaintiff.

MANNING J.:

The case of *Loree vs. Reeves*, 2 *Mich.* 133, we think is in point in this case. We have no doubt that, in a suit commenced by attachment against a non-resident, the Court may, in the exercise of a sound discretion, set aside the judgment, and permit the defendant to plead to the declaration, where he has had no notice of the proceeding against him in season to make his defense, and has been guilty of no laches.