PARTCH v. BAIRD.

1. CERTIORARI — QUESTIONS OF LAW ONLY REVIEWABLE ON CERTIORARI.

On certiorari to review *habeas corpus* proceedings by a father for the possession of his son, the finding of the court below that plaintiff is not a fit, suitable, or proper person to have the care, custody, and control of the boy, is not reviewable, since it would require an examination of the evidence, and on certiorari the Supreme Court may determine only questions of law.

2. JUDGMENTS—COURTS MAY NOT AMEND JUDGMENT AFTER EXPIRATION OF TERM.

While courts may correct mistakes, clerical errors, omissions, etc., in their records, which are apparent, at any . time, and may also vacate and set aside judgments after the expiration of the term at which they are rendered, they may not amend a judgment in matters of substance after the expiration of the term at which it was rendered.

3. SAME—HABEAS CORPUS—CUSTODY OF MINOR—AMENDMENT OF JUDGMENT UNAUTHORIZED.

Where the trial court, in *habeas corpus* proceedings brought by a father against the maternal grandmother for the possession of his minor son, entered judgment against plaintiff, it was without authority, after the expiration of the term, and without notice to the parties, to amend said judgment by adding a finding that plaintiff is not a fit, suitable or proper person to have the care, custody, and control of said boy.

4. INFANTS—GUARDIAN AND WARD—FATHER IF SUITABLE ENTITLED TO CUSTODY OF MINOR SON—EVIDENCE—SUFFICIENCY.

In view of 3 Comp. Laws 1915, § 13955, giving to the father, if he be a suitable person, the right to the custody of his minor son, where, in *habeas corpus* proceedings by a father, against the maternal grandmother, for the possession of his minor son the showing by defendant was not sufficient to establish the fact that the father was an unsuitable person, and the trial court did not so

On *habeas corpus* decree as to custody of infant as *res judicata*, in general, see notes in 67 L. R. A. 783; 49 L. R. A. (N. S.) 83.

find, it was in error in entering judgment against the plaintiff.

Certiorari to Washtenaw; Sample (George W.), J. Submitted April 24, 1924. (Docket No. 10.) Decided July 24, 1924. Rehearing granted.

*Habeas corpus* proceedings by Louis Edgar Partch, Sr., against Grace E. Baird to obtain possession of plaintiff's infant son. Judgment for defendant. Plaintiff brings certiorari. Reversed, and judgment entered for plaintiff.

*Cavanaugh & Burke (Henry C. Bogle,* of counsel), for appellant.

*Stivers & Laird,* for appellee.

BIRD, J. This is a contest between a father and grandmother of a boy about six years of age. The grandmother has had possession of the boy for some considerable time, and the father instituted *habeas corpus* proceedings to obtain possession of him. After a hearing the trial court concluded that the boy should remain with his grandmother. Plaintiff then removed the proceedings to this court by certiorari for review.

A question of practice is presented for our consideration at the outset. The trial court filed his opinion in this matter on September 13th, and on September 28th a judgment thereon was duly entered in the court records. Subsequently, and on the 6th day of October, another judgment was entered, which, in the return to the writ, is called a "supplemental judgment." In the second judgment entered the court makes a finding that plaintiff, the father, is not a fit, suitable or proper person to have the care, custody and control of his boy. The conclusion of the court

reached on this ground cannot be reviewed upon certiorari in this court because we would be compelled to examine the evidence to determine whether the court is right on a question of fact.    In certiorari we determine only questions of law.    *Corrie* v. *Corrie,* 42 Mich. 509; *Carpenter* v. *Carpenter,* 149 Mich. 138;. see, also, *In re Gould,* 174 Mich. 663.

In the first judgment entered no finding of unfitness of the father is found.    If we are permitted to review that judgment, we are at liberty to determine whether upon the whole record plaintiff is entitled to the custody of his boy, as a matter of law.    The record before us does not disclose why the change was made. The second judgment makes no reference to the first judgment.    The records of the court, therefore, appear to contain two judgments in the same matter. Perhaps it would be fair to say that the second judgment is an amendment of the first judgment, although no order appears to have been entered, giving the second judgment the force of an amendment.    No notice appears to have been served on defendant or his counsel that the second judgment would be, or had been, entered.    It further appears from the published report of the terms of court in Washtenaw county that the second judgment was entered after the term at which the first judgment was entered had expired.    The question is, therefore, presented whether a judgment may be amended in matters of substance by the court on his own motion, after the expiration of the term at which the judgment was rendered, and where the parties to be affected by the amendment receive no notice of the contemplated action of the court.

We think it is clear that courts may correct mistakes, clerical errors, omissions, etc., in their records, which are apparent at any time.    23 Cyc. p. 860. *Whitwell & Hoover* v. *Emory,* 3 Mich. 84 (59 Am. Dec. 220).    We are also impressed that courts have the

power to vacate and set aside judgments after the expiration of the term at which they are rendered. *Loree* v. *Reeves,* 2 Mich. 133; *Hurlburt* v. *Reed,* 5 Mich. 30; *Van Renselaer* v. *Whiting,* 12 Mich. 449; *Campau* v. *Coates,* 17 Mich. 235.   But we are not persuaded that the rules will permit a judgment to be amended in matters of substance after the expiration of the term at which it was rendered.   In an early case the attempt was made, but this court denied the right, and in part said:

"But the amendment was void, because without the jurisdiction of the court.   At the common law, while the proceedings are in paper, an amendment can be allowed, or a judgment could be set aside before the adjournment of the term at which it was rendered; but at a subsequent term the court had no power to change the record of a previous term.   By various statutes, both in England and this country, power is given to courts to amend in many cases, which they could not exercise at common law.   Under our statute a court may at any time amend clerical errors, but that which enters into the consideration of the court, and constitutes a part of the judgment cannot be changed after the term.   See 3 McLean, 486.   Much less has a court power under the form of an amendment to render a judgment."   *Whitwell & Hoover* v. *Emory, supra.*

See, also, *Gray* v. *Saginaw Circuit Judge,* 49 Mich. 628.

Cyc. states the rule, as follows:

"A court has plenary control of its judgments, orders and decrees during the term at which they are rendered, and may amend, correct, modify or supplement them for cause shown, or may, to promote justice, revise, supersede, revoke or vacate them, as may in its discretion seem necessary."   23 Cyc. p. 860.

"After the expiration of the term at which a judgment or decree was rendered it is out of the power of the court except as allowed by statute to amend or correct it in any matters of substance or in any matter

affecting the merits, although clerical mistakes may be corrected, especially if apparent upon the face of the record." *Id.* p. 861.

Bearing on the question whether the parties to be affected should have notice, the following paragraph from *Whitwell & Hoover* v. *Emory, supra,* is in point:

"Before the error in this cause could have been corrected, were it susceptible of correction by amendment, we apprehend that it was necessary that the parties to be affected by it should have been cited before the court. Especially should this be done where the matter had slept ten years. To permit any other course might work irreparable mischief to parties wholly unconscious of their situation, and jeopard rights fairly and honestly acquired. Such practice is in accordance with all the analogies of the law, and we can see no good reason why it should not be pursued."

We are not aware that the case of *Whitwell & Hoover* v. *Emory, supra,* has ever been overruled. It appears to be in force now. A like rule prevails in other States, and in some of them a more restricted one. The rule is a salutary one, and without it litigants would never know when their matters had reached a final stage. We are also impressed that where judgments are amended at the same term the parties who will be affected should have notice. The defeated party might acquiesce in the judgment rendered. After amendment he might desire to appeal, and if he were not entitled to notice the time in which an appeal could be taken might expire before he was advised of the amendment. By filing the second judgment the main question involved in this case cannot be reviewed. We, therefore, conclude that the defendant's interests were affected in matters of substance, and we conclude that the amended judgment, which materially affected plaintiff's rights, and which was entered without notice to him, is not binding on him.

This brings us to the merits on the first judgment rendered. There is very little conflict in the evidence. It appears that plaintiff is a graduate of the University engineering school. While in Ann Arbor attending the school he met, courted and married defendant's daughter. They had one child in 1918. Soon after his birth the mother died. Before she died she expressed a wish that her boy should remain with her mother. This wish was carried out, and later plaintiff made an agreement with defendant to care for the boy "until he was 14 years of age or until a suitable home is provided for him by said party of the first part, which shall be satisfactory to said party of the second part." Recently plaintiff was remarried to a very estimable young woman, a graduate nurse, and they have settled in an apartment house in the city of Detroit. The testimony shows that the influences around his home are favorable. Plaintiff is steadily employed there at his profession at a salary of $250 a month. Plaintiff being now in a situation to take care of his boy, he wants him with him. Plaintiff's wife shares his desire and is willing that the boy should be brought to her home and is willing to mother him.

The defendant shows only one incident that is worthy of mention why plaintiff is unsuitable to have the care of the boy. She shows by her testimony that when the boy was about three years of age he disobeyed the father, resulting in a very disagreeable situation, and the father punished him with his hand, as defendant says, "so hard that his back showed the effects of it the next day, and he was obliged to lie on his stomach for a time." The father frankly admitted the incident on the witness stand and admitted that the discipline was too severe, and that he was sorry for it. This incident is made much of by the defense and it furnishes a reason, as defendant contends, why the father is not a suitable person to have the custody

of his boy. If every father who has boys were to be deprived of them when he unduly disciplines them, many fathers would be without boys. There was no showing that the child was permanently injured, or that such vigorous discipline was ever repeated. The testimony convinces us that the father is fond of his boy and is now in a position to take him into his own home, care for him and look after his education. During the years the boy lived with defendant the father visited him on an average of once in two weeks.

The contract made with defendant appears to have been lived up to by him, and he has paid defendant $2,557 for the care and attention which she has bestowed upon him. Defendant does not think plaintiff's home is as suitable as hers, but we think no objection can be urged against the father's home. It is quite likely defendant's view as to this is due in some measure to the fact that she is fond of the boy and is unwilling to part with him.

If the father be a suitable person, the statute gives him the right to the custody of his minor son. 3 Comp. Laws 1915, § 13955. The showing made by defendant is not sufficient to establish the fact that plaintiff is an unsuitable person, and the trial court did not find that he was unsuitable.

The judgment of the trial court must be reversed and one entered giving plaintiff the custody of his boy. No costs will be allowed either party.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.