PARTCH *v.* BAIRD.

HABEAS CORPUS—CERTIORARI—JUDGMENT NOT SUPPORTED BY TESTI-
MONY.

On certiorari to review a judgment in *habeas corpus* pro-
ceedings by a father to obtain the custody of his minor
son, the judgment of the court below awarding custody
to the maternal grandmother is reversed because not sup-
ported by the testimony.[1] CLARK and MOORE, JJ., dissent-
ing.

Certiorari to Washtenaw; Sample (George W.),
J. Submitted April 24, 1924. (Docket No. 10.)
Decided July 24, 1924. Resubmitted December 10,
1924. Former opinion affirmed April 24, 1925.

*Habeas corpus* proceedings by Louis Edgar Partch,
Sr., against Grace E. Baird to obtain the custody of
plaintiff's infant son. Judgment for defendant.
Plaintiff brings certiorari. Reversed.

*Cavanaugh & Burke* (*Henry C. Bogle,* of counsel),
for appellant.

*Stivers & Laird,* for appellee.

ON REHEARING.

BIRD, J. This case is certiorari to *habeas corpus.*
The case was decided and an opinion filed which will
be found reported in 227 Mich. at page 660. Upon
application of defendant a rehearing was granted.
The record discloses that the original judgment was
entered on the 28th day of September, 1923, and that at
the succeeding term of court, on October 6, 1923, an
amended or supplemental judgment was entered. The

---

[1]Habeas Corpus, 29 C. J. § 228.

first judgment did not find in express terms that the plaintiff was unfit to have the custody of his boy. The second judgment did so find. We held that we could not consider the second judgment because it was made at a subsequent term of court and without notice. We did review the first judgment (1) because the trial court made no express finding that plaintiff was unfit to have the care and custody of his boy, and (2) because there was not sufficient proof to sustain such a finding.

Defendant, in her application for a rehearing, insists that the court made a finding of unfitness of the father in the first as well as in the second judgment.

1. In view of this variance in the understanding of the record, we quote the concluding paragraphs of both judgments, which the court in his return certifies to be true and correct copies. In the first judgment entered on September 28th, after reciting some of the evidence produced, it concludes as follows:

"There was testimony to show that the plaintiff had great austerity of temper and that he punished the child when he was under the age of three years to such an extent that the child could not lie down. The defendant testified that she spoke to him about the punishment that he inflicted and that he said that he was very sorry of it and that he did wrong. He could only have been sorry for unjust and unreasonable punishment. Plaintiff did not deny that he said these things to the defendant.

"For reasons above set forth, as well as other considerations, I am compelled to hold, and do now hold, that the said defendant, Grace E. Baird, may continue to have the custody and control of the said Louis Edgar Partch, Jr., and that the father of the said child, Louis Edgar Partch, Sr., is hereby denied the right to custody and control of the said child, and it is so ordered and adjudged by the court."

The second judgment entered October 6th concludes:

\* \* \* "And it further appearing unto the court that the plaintiff is a man of austere temper which at times he has been unable to restrain and control, and that while said child, Louis Edgar Partch, Jr., was under the age of three years, the said plaintiff whipped the said child so severely and to such an extent that the child was unable to sit down or to lie on his back for several days; and the court being satisfied that the said plaintiff is not a fit, suitable or proper person to have the care, custody and control of Louis Edgar Partch, Jr., and that it is to the best interests and welfare of the said child to leave him in the care, custody and control of his grandmother, Grace E. Baird, the above named defendant, now, therefore, on motion of Stivers & Laird, attorneys for the defendant, it is ordered that judgment be, and the same hereby is rendered in this cause in favor of the above named defendant, Grace E. Baird, against the above named plaintiff, Louis Edgar Partch, Sr., and that the care, custody, possession and control, of Louis Edgar Partch, Jr., be, and the same, hereby is granted to and vested in the above named defendant, Grace E. Baird, with costs in this case to be taxed."

Practically the only difference in the judgments is the express finding in the October judgment that plaintiff is unfit to have the care and custody of his child. We assume that the second judgment of October 6th was filed for the purpose of injecting the "finding of unfitness" as no other reason is apparent. This view is further strengthened by the fact that the trial court included in its return a copy of the second judgment and it agrees with the return, but it did not include a copy of the first judgment. We, therefore, feel bound to accept the trial court's return as to the contents of the September judgment, which is certified to in the following language:

"I further certify that upon the conclusion of the said hearing, and after due deliberation, and having cognizance of the facts as presented in the testimony, to-wit: On the 13th of September, 1923, my opinion was filed with the clerk of the circuit court of the

county of Washtenaw, *and of which the following is a true and correct copy.*"

We are unwilling to believe that the judge would have made this certificate under his oath of office had it not been true that the foregoing quotation was a copy of the judgment entered on September 28th.

Another consideration in this connection is this: If the September judgment, as well as the October judgment, found plaintiff unfit and unsuitable for the custody of his boy, as counsel contend, then both judgments were exactly alike. It is inconceivable that the judge would enter two judgments exactly alike. The second judgment was entered for some purpose, and that purpose was to inject into it a finding of unfitness. This was charged on the argument by counsel for plaintiff, and the judge's return to the writ of certiorari shows it to be true.

2. As to the second ground upon which the case was decided we may say that we are still of the opinion that the testimony is not sufficient upon which to base a finding of unfitness of the plaintiff to have the care and custody of his son. While it is true that we do not weigh the evidence in certiorari to see in which direction the preponderance lies, we do examine it to see if it is sufficient to support the conclusion reached. In *Jackson* v. *People,* 9 Mich. 111 (77 Am. Dec. 491), it was said:

"The office of certiorari is not, however, to review questions of fact, but questions of law. And, in examining into the evidence, the appellate court does so, not to determine whether the probabilities preponderated one way or the other, .but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether the inference would or would not have been drawn by the appellate tribunal."

In *Re Radford,* 168 Mich. 474, it was held:

"The writ of certiorari to review proceedings for

the disbarment of an attorney at law (3 Comp. Laws, § 10497) brings before the Supreme Court for review only actions of law, not of fact; and the court will examine the evidence only to determine whether it justifies the finding of the court as a legitimate inference therefrom."

See, also, *In re Coburn and Glocheski*, 207 Mich. 350.

The defendant did not allege in her answer nor prove any facts on the hearing from which a legitimate inference could be drawn that the father was an unsuitable person to have the custody of the boy. One instance of the father punishing the boy was shown.   If this makes him unfit and unsuitable then defendant is disqualified because she admitted that she had herself punished the boy, that she had whipped him and punished him with her hand.   The punishment which the father inflicted upon the boy appears to have been necessary to correct a disagreeable habit. The grandmother's punishments, as well as the father's were, undoubtedly, necessary, and it was probably for the best interest of the child that he was punished.   Very few children escape punishment in their childhood days.   Had the showing made by defendant of the unsuitableness of plaintiff to have the custody of his boy been submitted to a jury of fathers and mothers, it is safe to assume it would not have been very persuasive.

We adhere to our former holding.   The judgment is reversed.

FELLOWS, J. (*concurring*).   I do not think the testimony as matter of law supports the judgment and for that reason concur in reversal of the case.

MCDONALD, C. J., and SHARPE, STEERE, and WIEST, JJ., concurred with FELLOWS, J.

CLARK, J. (*dissenting*).   The statement in the original opinion in this case (227 Mich. 660) that "In

the first judgment entered no finding of unfitness of the father is found," is erroneous.    The error, in substance, appears again in the opinion of Justice BIRD on rehearing.

The first judgment was entered on September 28, 1923.    In the return to the writ of certiorari, Judge Sample stated:

"I further return that on September 28, 1923, a judgment was signed by me and entered in said cause, a true copy of which is incorporated in appellant's petition for a writ of certiorari and marked Exhibit D."

Exhibit D appears in the record.    We quote it, omitting title, italics ours:

"At a session of the said court, held in the court house in the city of Ann Arbor, on the 28th day of September, 1923.

"Present: Hon. George W. Sample, Circuit Judge.

"This cause having come on to be heard upon the petition for writ of *habeas corpus* filed on behalf of the said plaintiff for the purpose of obtaining possession of his small son, Louis Edgar Partch, Jr., and upon the answer filed by the above named defendant to the said petition, and upon proofs having been taken in open court, and after listening to argument of counsel on behalf of the respective parties hereto, it appearing to the satisfaction of the court from the undisputed testimony that the said defendant has had the care, custody and control of the said infant child Louis Edgar Partch, Jr., from the time he was twelve days of age to the present time; that the defendant has cared for him through the sickness and death of her daughter, the child's mother; that it was the written expressed wish and request of the child's mother that the defendant have the care and control of the child and that the said plaintiff and defendant entered into a contract wherein it was agreed that the said defendant should have the care and custody of said child; that the said plaintiff has been unable to find any fault with the clothing and food furnished by the defendant for the said child, and has admitted that the child's religious and moral training could not be

better, and that in fact the only objection that the plaintiff has been able to raise has been on account of the failure of the said defendant to break the boy of a childish habit of slight consequence; and it further appearing unto the court that the plaintiff is a man of austere temper, which at times he has been unable to restrain and control, and that while said child, Louis Edgar Partch, Jr., was under the age of three years, the said plaintiff whipped the said child so severely and to such an extent that the child was unable to sit down or to lie on his back for several days; *and the court being satisfied that the said plaintiff is not a fit, suitable or proper person to have the care, custody and control of Louis Edgar Partch, Jr., and that it is to the best interests and welfare of the said child, to leave him in the care, custody and control of his grandmother, Grace E. Baird, the above named defendant,* now, therefore, on motion of Stivers & Laird, attorneys for the defendant, it is ordered that judgment be and the same hereby is rendered in this cause in favor of the above named defendant, Grace E. Baird, against the above named plaintiff, Louis Edgar Partch, Sr., and that the care, custody, possession and control of Louis Edgar Partch, Jr., be and the same hereby is granted to and vested in the above named defendant, Grace E. Baird, with costs in this case to be taxed."

We quote from the testimony:

"The father is not a suitable person to have the raising of this boy; he has an ungoverned temper and I have seen that manifested upon the child when he was less than three years old and his father beat him so that there were ridges on his body the next day and in one place his skin was broken through.   *   *   * The next day there were black ridges across the boy's body and legs and the child could not sit down, and when he laid down he laid on his stomach.   My daughter, Lydia, saw the marks on the boy's body. There was never any other occasion quite so extreme as that that I remember when there was a display of temper.   He never had any patience with a child.   *   *   * I heard the child crying and mother was standing at the door and had told Louis to stop beating the child and he refused to stop and I came in.

It was the most terrible thing I had ever seen, those great, big hands, the child was only a baby and he was positively beating him. He was not three years old."

And of another occasion:

"I have seen other evidence of Mr. Partch's inability to control himself. I saw him pick the child up at church and the child screamed and when he put him down he could hardly walk."

The province of this court on certiorari is to consider questions of law, not to weigh evidence, except to determine that there is an entire absence of proof on some material fact. *Jackson* v. *People*, 9 Mich. 111 (77 Am. Dec. 491); *Hyde* v. *Nelson*, 11 Mich. 353; *Brown* v. *Blanchard*, 39 Mich. 790; *People* v. *Swanson*, 217 Mich. 103. In *Carpenter* v. *Carpenter*, 149 Mich. 138, it was held, quoting syllabus:

"On certiorari to review *habeas corpus* proceedings, brought to obtain the custody of a minor child, the finding of the court below that the welfare of the child will be best subserved by placing it in the care of the mother is a determination of fact conclusive on this court."

There is evidence to support the finding of the trial judge. We have no right to disturb it on certiorari.

Judgment should be affirmed.

MOORE, J., concurred with CLARK, J.