McHENRY v. WAYNE CIRCUIT JUDGE.

JUDGMENT—MAY NOT BE SET ASIDE OR AMENDED WITHOUT NOTICE.
A judgment may not be amended or set aside without
notice to the interested parties.[1]

Mandamus by Harry H. McHenry to compel De Witt
H. Merriam, circuit judge of Wayne county, to vacate
an order setting aside a judgment.    Submitted April
21, 1925.    (Calendar No. 31,796.)    Writ granted
June 18, 1925.

*Daskam, Fox & Reid,* for plaintiff.

*Louis Starfield Cohane* and *Regene Freund Cohane,*
for defendant.

BIRD, J.    The purpose of this application for a
writ of mandamus is to compel defendant to vacate an
order made by him setting aside a judgment rendered
in behalf of plaintiff against Barnard Toy Company.
Upon the same proofs, by agreement, judgment was
rendered in behalf of Harold W. McConnell against
the Barnard Toy Company.    A similar application for
a writ of mandamus was made in that case and a
decision therein granting the writ was filed by this
court (*McConnell* v. *Wayne Circuit Judge, ante,* 184).
The decision on that application makes it unnecessary
to consider the merits of this application.

In addition to the reasons assigned by Mr. Justice
SHARPE, in *McConnell* v. *Wayne Circuit Judge,* it may
be said that defendant was in error in setting aside
the judgment without notice to the interested parties.
In *Whitwell & Hoover* v. *Emory,* 3 Mich. 84, the ques-

[1]Judgments, 34 C. J. §§ 472, 564.

tion was before the court whether a judgment could be amended after the term had expired at which it was rendered. The conclusion of the court was that it could not be so amended. Then upon the question of notice it was said:

"Before the error in this cause could have been corrected, were it susceptible of correction by amendment, we apprehend that it was necessary that the parties to be affected by it should have been cited before the court. Especially should this be done where the matter had slept ten years. To permit any other course might work irreparable mischief to parties wholly unconscious of their situation, and jeopard rights fairly and honestly acquired. Such practice is in accordance with all the analogies of the law, and we can see no good reason why it should not be pursued. Before a judgment could be perfected in the cause it was certainly necessary that such course should be pursued, and the parties had afforded to them an opportunity to be heard."

Recently this court has affirmed this holding in a case where the question of amendment of a judgment was involved, and it was said in part:

"We are not aware that the case of *Whitwell & Hoover* v. *Emory, supra,* has ever been overruled. It appears to be in force now. A like rule prevails in other States, and in some of them a more restricted one. The rule is a salutary one, and without it litigants would never know when their matters had reached a final stage. We are also impressed that where judgments are amended at the same term the parties who will be affected should have notice. The defeated party might acquiesce in the judgment rendered. After amendment he might desire to appeal, and if he were not entitled to notice the time in which an appeal could be taken might expire before he was advised of the amendment." *Partch* v. *Baird,* 227 Mich. 660.

Under this holding defendant was clearly in error

in vacating the judgment without notice to plaintiff.

A writ will issue in this case, if necessary. Plaintiff will recover costs against the Barnard Toy Company.

McDonald, C. J., and Clark, Sharpe, Moore, Steere, Fellows, and Wiest, JJ., concurred.