SARAZIN *v.* HOLTON.

PARENT AND CHILD—MOTHER IF FIT ENTITLED TO CUSTODY OF
3-YEAR-OLD DAUGHTER RATHER THAN ANOTHER EQUALLY FIT.
   Under 3 Comp. Laws 1915, § 13955, as amended by Act No. 344,
   Pub. Acts 1921, mother of 3-year-old daughter is entitled to
   her custody rather than woman who has had child since her
   birth, where both are suitable and satisfactory persons to
   assume responsibility of upbringing of child, and home of each
   is satisfactory.

Certiorari to Wayne; Jayne (Ira W.), J. Sub-
mitted April 10, 1929. (Docket No. 88, Calendar No.
34,059.) Decided June 3, 1929.

*Habeas corpus* proceedings by Alberta Sarazin
against May Holton to obtain possession of plain-
tiff's infant daughter. Judgment for defendant.
Plaintiff brings certiorari. Reversed, and judgment
directed entered for plaintiff.

*Frank A. O'Boyle,* for plaintiff.

*Charles R. Robertson,* for defendant.

CLARK, J. Plaintiff's daughter, since her birth,
nearly three years, has been with defendant. *Habeas
corpus* was instituted to recover the child. The mat-
ter was referred by the court to Hon. Edward Po-
korny, friend of the court, whose report is "that the
present custodian, Mrs. Mae Holton, and the mother
of the child, Mrs. Alberta Sarazin, are suitable and
satisfactory persons to assume the responsibility of

the upbringing of this child." He also found that the home of each party was satisfactory. In these circumstances, he recommended that the child be awarded to plaintiff, the mother. The trial court dismissed the writ. Plaintiff brings certiorari. The evidence of practically equal fitness of the parties to have custody of the child, and of the character of their respective homes, establishes as a matter of law the correctness of the finding and report of Mr. Pokorny. The statute, 3 Comp. Laws 1915, § 13955, as amended by Act No. 344, Pub. Acts 1921, here controls, quoting:

"The father or mother of the minor, and if one of them be deceased, then the survivor thereof; being respectively competent to transact their own business, and otherwise suitable shall be entitled to the custody of the person of the minor and to the care of his education."

And see *Partch* v. *Baird*, 227 Mich. 660, and 230 Mich. 615; *Greene* v. *Walker*, 227 Mich. 672.

Reversed. Remanded, with direction to enter judgment for plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, MC-DONALD, POTTER, and SHARPE, JJ., concurred.