### CHEVLIN v. TARNER.

HABEAS CORPUS—PARENT AND CHILD—EVIDENCE.

> In *habeas corpus* proceedings by mother of eight-year old boy
> to obtain physical custody of him from her parents who had
> had practically full control of his rearing since he was about
> eight months old, order for plaintiff *held*, justified under evi-
> dence, where she had assumed responsibility for care of all
> her children prior and subsequent to separation and divorce
> from their father, is now remarried, has established favorable
> home surroundings, is desirous of rearing boy in question and
> another son, about two years older, in her own home and has
> never yielded legal right to custody of boy involved.

Appeal from Muskegon; Vanderwerp (John), J.
Submitted December 7, 1935. (Calendar No. 38,375.)
Decided January 6, 1936.

*Habeas corpus* proceedings by Gladys Schaefer
Chevlin against Alonzo Tarner and Mae Tarner to

obtain physical custody of her eight-year old son. Order awarding child to plaintiff is reviewed by defendants on appeal in the nature of certiorari. Affirmed.

*Cyrus M. Poppen,* for plaintiff.

*Harry W. Jackson,* for defendants.

NORTH, C. J. This is a *habeas corpus* proceeding by Gladys Schaefer Chevlin, herein called plaintiff, against her father and mother, Alonzo Tarner and Mae Tarner, defendants, whereby plaintiff seeks to obtain physical custody of her eight-year old son, Benjamin Schaefer. The relief sought was granted in the circuit court and defendants, having first obtained leave, have appealed.

Three children were born to the marriage of plaintiff and her former husband, Mr. Schaefer. The domestic relations of Mr. and Mrs. Schaefer were unfortunate. They were in straightened financial circumstances and he was intemperate. Both prior and subsequent to their separation Mrs. Schaefer seems to have assumed responsibility for the welfare of their children. The oldest child was adopted by a relative. During the period of separation between Mr. and Mrs. Schaefer as well as during part of the time when they were living together their children were left at and cared for in the home of plaintiff's parents, the defendants herein. The two youngest children are boys and there is about two years difference in their ages. The grandparents became very much attached to the younger of these two and have had practically full control of his rearing from the time he was about eight months of age. He is now approximately eight years old. The other one of these two boys has been

with the mother with the exception of short intervals. In 1931 plaintiff was divorced from Schaefer and awarded the custody of the children. Thereafter she married her present husband, Jack Chevlin. Prior to this marriage plaintiff worked in a factory, operated a restaurant, engaged in dressmaking, and was employed in a restaurant. Since her marriage to Mr. Chevlin the parties have resided on farms in this State and are now so located in Muskegon county, although Chevlin is employed in a manufacturing plant. The mother seems now to be established in a suitable home and to be capable of taking and caring for her son Benjamin. She has never yielded her legal right to the custody of this child; and the testimony discloses that from time to time while the child has been in the custody of the grandparents the mother has asserted her parental rights.

That the child has been well cared for in the home of the grandparents cannot be questioned. But the mother's home surroundings are now favorably established and she is desirous of rearing her two sons in her own home. It would serve no purpose to recite in detail the testimony offered in behalf of the respective parties, which was unfortunately bitter and acrimonious. Primarily the mother is legally entitled to the custody of her eight-year old child. The circuit judge to whom this controversy was submitted had a better opportunity than we to pass upon the merits of plaintiff's petition. Relying much on the facts and reasoning in *Re Goldinger,* 207 Mich. 99, the circuit judge found that the mother was entitled to the custody of this child. He said:

"The present home surroundings (of plaintiff) are good. It seems to me also that if possible the

two boys of Mrs. Chevlin, being less than two years apart in age, should be brought up in the same home."

The record before us would not justify departure from the circuit judge's decision. The judgment entered in the circuit court is affirmed, with costs to appellee.

Fead, Butzel, Bushnell, Edward M. Sharpe, Potter, and Toy, JJ., concurred. Wiest, J., concurred in the result.