RIEMERSMA v. RIEMERSMA.

1. HABEAS CORPUS—MINOR CHILDREN—QUESTIONS REVIEWABLE.
   In reviewing habeas corpus proceedings involving the custody of a minor child, the Supreme Court examines the record to ascertain if the legal rights of the parties have been properly determined and the welfare and best interests of the child protected.

2. PARENT AND CHILD—CUSTODY OF CHILD—BEST INTEREST OF CHILD.
   In determining who shall have custody of a minor child, the best interest of the child is of paramount importance and it is the judicial duty of a court to safeguard the child's welfare and care but the parent of the child may not be deprived of his custody except it be shown that the parent was an unsuitable person to have such custody (Act No. 288, chap. 3, § 6, Pub. Acts 1939). ·

3. SAME—CUSTODY OF CHILDREN.
   Mother of five-year-old daughter was entitled to custody of latter where jurisdiction of circuit court of children of parties to divorce suit had been waived to probate court,

there was no showing she was not a suitable person to have the child's custody and it would appear that child's paternal grandparents condoned their son's action in removing other children from State in violation of decree of divorce and would permit his removal of child involved herein in like manner if given child's custody, in view of statutory provisions relating to custody of children under 12 years of age (3 Comp. Laws 1929, § 12852; Act No. 288, chap. 3, § 6, Pub. Acts 1939).

4. SAME—POSSESSION OF CHILDREN.

A parent is entitled to the possession of his or her child as against all others unless it clearly appears that the parent is for some reason unfit to have its possession.

5. SAME—NATURAL RIGHT OF CUSTODY—JUDICIAL CONTROL.

Parents, whether rich or poor, have the natural right to the custody of their children, subject to judicial control only when the safety or interests of the child demand it (3 Comp. Laws 1929, § 12852).

6. SAME—CUSTODY OF CHILDREN—CHOICE OF YOUNG CHILD.

The choice of a five-year-old child cannot be considered by the court in matter of what disposition shall be made of its custody on appeal from order on petition of paternal grandparents for custody of child against mother who was not found to have been an unfit person to have custody of the child (3 Comp. Laws 1929, § 12852; Act No. 288, chap. 3, § 6, Pub. Acts 1939).

Appeal from Ottawa; Miles (Fred T.), J. Submitted April 11, 1945. (Docket No. 23, Calendar No. 42,869.) Decided May 14, 1945.

Habeas corpus by Bert Riemersma and wife against Mabel Riemersma and others to gain possession of an infant. Judgment for plaintiffs. Defendant appeals. Reversed.

*Jarrett N. Clark,* for plaintiffs.

*John R. Dethmers* and *Diekema, Cross & Ten Cate,* for defendant.

Starr, C. J. Defendants appeal from a judgment in habeas corpus proceedings, granting plaintiffs the custody of Carol Ann Riemersma, the minor child of defendant Mabel Riemersma. In reviewing habeas corpus proceedings involving the custody of a minor child, we examine the record to ascertain if the legal rights of the parties have been properly determined and the welfare and best interests of the child protected. *Liebert* v. *Derse,* 309 Mich. 495.

Plaintiffs' son, Cornelius Riemersma, and defendant Mabel Riemersma were married in 1927 and six children were born of the marriage, the youngest being Carol Ann, who is now about five years old. In 1942 the husband began divorce proceedings, and the wife filed cross bill for divorce. The case was heard in December, 1942, and a decree was entered finding the husband guilty of extreme cruelty and granting the wife a divorce on her cross bill. The decree placed one of the children in the custody of the wife's parents and one in the custody of other relatives of the wife, and expressly waived jurisdiction over Carol Ann and the other three children to the probate court of Ottawa county, in pursuance of 3 Comp. Laws 1929, § 12738, as amended by Act No. 134, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12738, Stat. Ann. 1944 Cum. Supp. § 25.96), which provides in part:

"Upon decreeing a divorce * * * the court may make such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them, shall remain: *Provided,* that *the court is hereby authorized to waive jurisdiction of any minor children * * * to the probate court of the county* to be governed by the laws of

this State with respect to dependent and neglected children under the age of 17 years."

In his opinion in the divorce proceedings, the trial judge determined that the father would be unable to contribute enough to provide a home for the mother and children and that the mother was financially unable to establish a home for herself and the children. The decree of divorce awarded the mother alimony of $200, payable at the rate of $10 a month, none of which has been paid. The parties had no property of any material value. After the decree was entered, the father left the State and, in complete disregard of the provisions relative to the custody of the children, took the five oldest children with him, leaving the youngest, Carol Ann, with his parents, the plaintiffs in the present case. They provided her with a good home and proper care, but apparently refused to permit the mother to visit her. The mother obtained employment and later interviewed the trial judge regarding obtaining custody of Carol Ann. She was told to consult her attorney, who stated:

"I advised Mrs. Riemersma that the court had awarded the custody (of Carol Ann) to no one \* \* \* but had waived to probate court \* \* \* and the probate court had taken no action, \* \* \* and I said, \* \* \* 'You are the mother, and there isn't a thing \* \* \* to prevent you from going up there and taking that child any time you want to.' \* \* \* And it was exactly on that basis that she went over and picked up the child."

On July 22, 1944, the mother, defendant Mabel Riemersma, accompanied by the other defendants, drove to plaintiffs' farm home, took peaceable possession of Carol Ann, placed her in the car, and removed her to a private home in the city of Holland.

The mother requested the chief of police to notify plaintiffs that she had taken the child. On August 2d plaintiffs began the present proceedings to obtain custody of Carol Ann, and writ of habeas corpus was issued requiring defendants to produce her in court. In her return to the writ defendant Mabel Riemersma denied plaintiffs' right to the custody of the child and contended that she was entitled to her custody. The other defendants filed return alleging that they did not have custody. In his opinion the trial judge determined that plaintiffs "had legal custody of Carol Ann, and were entitled to it until changed by a proper order of court." Judgment was entered directing that the child be returned to plaintiffs. Defendants appeal from such judgment.

In the decree of divorce, jurisdiction over Carol Ann and three of the other children was waived to the probate court, but that court has taken no action relative to their custody. The only question in the present case is whether the mother or the grandparents shall have custody of Carol Ann, pending further action by either the probate court or circuit court.

In the recent case of *Liebert* v. *Derse, supra,* we said (p. 500):

"We recognize the long-established rule that the best interest of the child is of paramount importance, *Martin* v. *Benzie Circuit Judge,* 200 Mich. 549; *In re Gould,* 174 Mich. 663, and that it is our judicial duty to safeguard his welfare and care, *Bird* v. *Bird,* 308 Mich. 230. However, we never have interpreted such rule so as to deprive a parent of the custody of his or her child, unless it was shown that the parent was an unsuitable person to have such custody."

The plaintiffs did not have possession of Carol Ann by virtue of any court order or decree. She

had merely been left with them by her father, who had no legal right to her custody. They are apparently able to provide her with care and support, but the record indicates that it might not be for her welfare and best interests to return her to their custody. From the record it may reasonably be inferred that plaintiffs condoned their son's action in removing five of his children from the State, in violation of the divorce decree. Plaintiff Bert Riemersma testified that he did not know where his son and the children were located, but admitted corresponding with him, apparently under a fictitious name. Plaintiffs' statements and their attitude toward Carol Ann's mother indicate that it would be quite impossible for the mother to see or visit the child while in their custody. Furthermore, if she were left with plaintiffs, it might reasonably be expected that sooner or later her father would remove her from the State, as he did the other children. Regarding the father, the court in his opinion in the divorce case said:

"Plaintiff (Cornelius Riermersma) seems to have entirely lacked ability to comprehend the needs of his family; either physical or otherwise. His language and stories and suggestions have been such as to indicate a lack of fundamental knowledge of necessity and right toward both his wife and children; seemingly he does not even realize this. He has given little attention to furnishing the home with any adequate furniture, clothing, or supplies; and the house he has provided was unworthy of his ability."

In the divorce proceedings the court found the mother, defendant Mabel Riemersma, to be "a faithful and hardworking woman." Her health had been materially affected by her miserable life with plaintiffs' son. However, it appears that after the

divorce she rehabilitated herself, obtained steady employment, and is able to earn sufficient to provide and care for herself and her child. After removing Carol Ann from plaintiffs' possession, the mother first placed her in a private home in Holland, paid for her board and room, furnished her with clothes, and went to see her four evenings a week and on Sundays. From affidavits filed subsequent to the hearing, it appears that the mother and Carol Ann later moved to and established a permanent home with the mother's parents on a farm near Zeeland. In the divorce proceedings the court had apparently approved of this home of the mother's parents, as it had placed one of the older children in their custody. In summary, it appears that the mother and Carol Ann are now living together in a satisfactory environment. There was no showing that the mother was not a suitable person to have the child's custody, and plaintiffs did not allege that she was unsuitable.

Act No. 288, chap. 3, § 6, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-3 [6], Stat. Ann. 1943 Rev. § 27.3178 [206]), provides in part:

"The father or mother of the minor, and if 1 of them be deceased, then the survivor thereof, being respectively competent to transact their own business, and otherwise suitable, shall be entitled to the custody of the person of the minor and to the care of his education."

3 Comp. Laws 1929, § 12852 (Stat. Ann. § 25.311), provides in part:

"That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of twelve years, and the father of such children shall be entitled to the care

and custody of all such children of the age of twelve years or over.''

Under the above statutes, defendant Mabel Riemersma was clearly entitled to the custody of her infant daughter, Carol Ann, there being no showing that she was not a suitable person to have custody.

In the case of *In re Goldinger,* 207 Mich. 99, the plaintiff's wife had died and their infant child was placed in the care of defendant, the deceased wife's mother. About three years later plaintiff, having remarried, began habeas corpus proceedings to obtain custody of the child. The trial court entered an order giving the grandmother custody. On appeal we reversed the order and, after recognizing the rule that our first consideration was the best interest of the child, we said (pp. 104, 106):

We are unable to find, however, that this court has ever said, or interpreted the rule to mean, that a father would be deprived of the possession of his child where it clearly appears that he is a man of good habits, honest, and well able to provide for his child. * * * He never relinquished the right of the custody of his child, and it was only a short period after his second marriage that he requested its possession. It may be true that the respondent (grandmother) is as much attached to the child as the parent and that she is as suitable to have its custody and as able to provide and care for it, but nevertheless, unless it clearly appears that the parent is for some reason unfit to have its possession, the rule is well established in our law that the parent is entitled to the possession of his child against all others. * * *

"The respondent having failed to show that the father * * * is not a fit person to have the care and custody of his son, it follows that the order made by the learned trial judge must be vacated

and an order entered awarding the permanent custody of his child to the petitioner."

In the case of *In re Adams,* 214 Mich. 199, the plaintiff father began habeas corpus proceedings in this court to obtain the custody of his infant daughter. We declined to assume original jurisdiction, as another proceeding involving the custody of the child was pending in circuit court. However, in recognizing the father's right to the child, we said (p. 204):

"The law makes him her guardian by nature and for nurture, *prima facie* entitled to her care and custody. Bearing in mind also the child's best interests, the courts will primarily 'feel bound to restore the custody where the law places it, with the father, unless in a clear and strong case of unfitness on his part to have such custody.'"

In the case of *Chevlin v. Tarner,* 274 Mich. 249, plaintiff began habeas corpus proceedings against defendants, her father and mother, to obtain possession of her eight-year-old son. It appeared that she had been divorced and the child left in the care of defendants, who refused to surrender him. Plaintiff remarried and demanded possession of her child. In affirming an order awarding plaintiff custody, we said:

"The mother seems now to be established in a suitable home and to be capable of taking and caring for her son. * * * She has never yielded her legal right to the custody of this child. * * *

"That the child has been well cared for in the home of the grandparents cannot be questioned. * * * Primarily the mother is legally entitled to the custody of her eight-year-old child. * * * Relying much on the facts and reasoning in *Re Goldinger,* 207 Mich. 99, the circuit judge found that the mother was entitled to the custody of this child."

In the case of *Greenman* v. *Greenman,* 249 Mich. 388, we said:

"It is the theory of the law in Michigan that a mother should have the care of children of tender age. It is provided by statute (section 12852 above quoted) * * * that in case of the separation of parents, the mother shall have the custody of all children under 12 years of age. So in this case, if the mother is morally fit, she has the first claim to the child."

In the case of *Burkhardt* v. *Burkhardt,* 286 Mich. 526, 534, 535, we said:

"It is a well-established principle of law, too well grounded to need citation of authority, that the parents, whether rich or poor, have the natural right to the custody of their children, subject to judicial control only when the safety or interests of the child demand it. The rights of parents are entitled to great consideration and the courts should not deprive them of the custody of their children without very good cause. * * *

"The choice of a child of the tender age of four years cannot be considered by the court in its determination of what disposition shall be made of the case. * * * The legislature recognized the right of the mother to the custody and control of children under the age of 12 years by enactment of 3 Comp. Laws 1929, § 12852 (above quoted)."

In the case of *Coyle* v. *Coyle,* 221 Mich. 76, we said:

"A girl of such tender years (five) should have the care and love of her own mother, and if she is a suitable mother the statute gives her this right."

"Under 3 Comp. Laws 1915, § 13955, as amended by Act No. 344, Pub. Acts 1921 (identical with Act No. 288, chap. 3, § 6, Pub. Acts 1939, above quoted), mother of 3-year-old daughter is entitled to her cus-

tody rather than woman who has had child since her birth, where both are suitable and satisfactory persons to assume responsibility of upbringing of child, and home of each is satisfactory.'' *Sarazin* v. *Holton* (syllabus), 247 Mich. 333.

See, also, *Partch* v. *Baird,* 227 Mich. 660 (affirmed on rehearing in 230 Mich. 615); *Greene* v. *Walker,* 227 Mich. 672; *Nichols* v. *Nichols,* 222 Mich. 119; *Rieden* v. *Rieden,* 206 Mich. 550; *In re Knott,* 162 Mich. 10; *Smith* v. *Kiel,* 150 Mich. 417; *Klein* v. *Klein,* 47 Mich. 518.

As jurisdiction over Carol Ann had been waived to the probate court, the mother should have applied to that court for her custody. However, it appears that in removing the child from plaintiffs' home, she acted in good faith upon the advice of her attorney, and, under the facts and circumstances shown, we are not disposed to deny her relief. There was no allegation or showing that the mother was not a suitable person to have the custody of her infant daughter. In the absence of such a showing, she was, under the above statutes and authorities, clearly entitled to the child's custody. Her custody will be subject to future action by the probate court, or in case it fails to act, then subject to action by the circuit court.

The judgment granting plaintiffs custody of Carol Ann is reversed and the case remanded for entry of judgment dismissing their petition. Defendants may recover costs of both courts.

NORTH, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred with STARR, C. J.

SHARPE, J. I concur in the dismissal of plaintiff's petition.